BENNETT ALSBROOK *vs.* WILLIAM H. SHIELDS.

When the owner of property is deprived of possession, and regains the same, he may, in an action brought against him, and as full defence thereto, show his title to the property; notwithstanding that, in the recaption, he may have committed an act calculated to produce a breach of the peace.

Therefore, where a person is sued for the conversion of a bale of cotton, he may set up a lien under a subsisting lease and show his title as landlord, and is not compelled to resort to an action for "claim and delivery," under the act of 1868–'69.

A plaintiff claiming such property is not restricted to the remedy of "claim and delivery," but may bring an action in the nature of trover.

Civil action tried before *Watts, J.*, at a Special Court for HALIFAX county, December 1871.

The action was brought for the alleged conversion of a bale of cotton. The complaint alleged that in January, 1871, one Balaam Shields, a lessee of the defendant, delivered a bale of cotton, weighing three hundred and sixty pounds, to the plaintiff, at the gin house of Lawrence & Savage, in part payment of merchandize sold and delivered, by the plaintiff, to said Shields, and that a few days thereafter the plaintiff notified the

defendant thereof, and that defendant claimed the cotton, as Balaam Shields had not paid the rent due defendant; that plaintiff and defendant agreed to submit the matter to arbitration, and before it was submitted to arbitration, one C. C. Shields agent of the defendant, took the cotton and converted it to the use of the defendant; that before the alleged conversion, Balaam Shields had paid the rent due to defendant. A demand was made and a refusal by the defendant. Plaintiff demanded judgment for $50.56 and interest. The cotton was alleged to be worth fourteen cents per pound.

Defendant denied that plaintiff was the owner, and that he was entitled to possession. He denied that the cotton was delivered to the plaintiff at the gin house of Lawrance & Savage, or that the rent had been paid to C. C. Shields as his agent, or that Shields was his agent. He admitted a demand, the price of the cotton, that he had been notified &c., and he claimed the cotton because the rent had not been paid. Defendant alleged that C. C. Shields had leased for three years, to Balaam Shields, a tract of land reserving an annual rent in kind. That in April, 1870, C. C. Shields assigned by deed to defendant his reversion in the land, and his interest in the crop, and that the bale of cotton was part of the crop for 1870, and vested in the defendant as assignee. That the rent fell due after the assignment of the reversion, and that the crop had not been divided at the time of the alleged conversion; claimed a lien on the cotton, and alleged that the lien had not been discharged by writing.

Several witnesses were examined by each party, and the evidence was conflicting. The plaintiff's tending to show that the allegation in the complaint were true, and the defendants, tending to sustain his answer. The parties admitted that in 1870, C. C. Shields had assigned, by deed, his interest in the land and rent to defendant, and also the lease to Balaam Shields.

The defendant's counsel argued to the jury that the plaintiff could not recover, because he had not alleged in his complaint that he was the owner of the cotton, stating as a principle of law, that proof without an allegation was as fatal as an allegation without proof. The Court interrupted, and said that amendments could be allowed even after judgment. Defendant excepted. The counsel further argued that the possession of the whole crop was in the defendant, and he had a right to take the cotton, as there was no evidence in writing, or receipt showing that the rent was satisfied or discharged, and that the plaintiff did not show that C. C. Shields had authority from the defendant to take the cotton.

The Court charged the jury that if the defendant had not authorized the taking of the cotton, but ratified the act afterwards, he was as much responsible as if he had committed the act himself.

That possession would give the plaintiff the right to recover against a wrong doer, and if the jury found that the cotton was delivered to the plaintiff, and the defendant, by his agent, afterwards converted it, the plaintiff ought to recover.

That to divest the landlord of the possession of the crop, it was not necessary there should be writing. That a payment or satisfaction was sufficient, and that the words " satisfied or discharged " in the 9th line of sec. 13, chap. 156, laws of 1868–'69, had no connection with the words " by some writing signed, &c., &c.," the disjunctive *or* being used.

That if the rent was not satisfied, and the defendant was entitled to the possession, he could not retake possession, because a recaption was calculated to lead to a breach of the peace.

That the only legal remedy in such cases was prescribed in the 13th section, chapter 156, acts of 1868–'69, and that the proper action was claim and delivery.

That if the plaintiff was entitled to recover, they should assess his damage at the value of the cotton at seventeen cents

per pound. The jury found a verdict for the plaintiff, and assessed his damage at $53.90.

Rule for new trial. Rule discharged. Judgment and ap. appeal.

*Clark & Mullen*, for the plaintiff.
*Moore & Gatling*, for defendant.

BOYDEN, J. The case states that his Honor told the jury, that if the plaintiff was entitled to recover they would assess his damages at the value of the cotton at seventeen cents per pound. This, we think, is a mistake of the clerk, as both parties had agreed that the cotton was worth fourteen cents per pound, and upon making a calculation it will be seen that the jury allowed only fourteen cents per pound, the price agreed upon by the parties.

It is not doubted that it would have been error if the Judge had so instructed the jury and they had so found.

His Honor also gave the following instructions to the jury : " That if they found that the rent was not satisfied and the defendant was entitled to the possession, he could not retake possession of the cotton, because a recapture was calculated to lead to a breach of the peace. That the only legal remedy, in such a case, for the defendant was prescribed in the 13 sec. 156 chap., act3 1868–'69, and that he should have brought claim and delivery, and was confined to that remedy."

In these instructions we think his Honor erred in two particulars. We understand his Honor as instructing the jury that if the owner of property takes it out of the possession of another under circumstances calculated to produce a breach of the peace, he may be sued for such taking by the possessor, and the value of the property recovered.

This Court had supposed that it was familiar learning that the owner of property thus taken could not be sued for the

property ; and that if the owner of real estate had taken possession under circumstrnces calculated to produce a breach of the peace, and even if he committed a breach of the peace by ousting the possessor, still, he could not sustain a suit for the land against the real owner, who had thus violently deprived him of the possession, and that a plea of *liberum tenementum*, if established, would bar the plaintiff's recovery.

We think his Honor was also in error in instructing the jury that the defendant's only remedy was claim and delivery, as provided in the acts of 1868–'69, mentioned by his Honor. We hold, that if the defendant was the owner of the cotton, as alleged in his answer, that was a full defence to this action, if established to the satisfaction of the jury, and that his Honor should have so instructed the jury.

We also hold, that the plaintiff might have sustained a civil action for the cotton in the nature of an action of trover, and that he would not be restricted to the action of claim and delivery.

For the above errors there must be a *venire de novo.*
This will be certified.

PER CURIAM.                                   *Venire de novo.*