## Swanner v. Swanner.

### Action on Attachment Bond.

1. *Plea of pendency of attachment suit.* — In an action on an attachment bond, the pendency of the attachment suit is not good matter for a plea, either in abatement or in bar, since the statute (Rev. Code, § 2992) authorizes the bringing of the action before the termination of the attachment suit.

2. *Agreement to cultivate land on shares.* — An agreement between the owner of land and another person, to the effect that the latter shall cultivate the land, and shall pay to the former a specified portion of the products, although it may create a tenancy in common in the crops, is not necessarily inconsistent with the relation of landlord and tenant.

3. *Intention of parties to verbal contract.* — If the intention of the parties to a verbal contract is doubtful, though there may be no conflict in the evidence, the jury must determine what the contract was.

APPEAL from the Circuit Court of Crenshaw.
Tried before the Hon. P. O. HARPER.

JNO. A. PADGETT, for appellant.

J. M. WHITEHEAD, contra.

B. F. SAFFOLD, J. — The suit was by the appellee against the appellants, on an attachment bond. William Swanner commenced suit against the appellee, to recover rent and advances to make a crop, by attachment, on the ground that he had removed a portion of the crop without the consent of the landlord.. He pleaded first in abatement, and then in bar of this suit, the pendency of the attachment suit; but the court, on motion, struck out both pleas. There was no error in this, because the statute (R. C. § 2992) expressly authorizes a suit to be commenced on the bond before the attachment suit is determined.

2. The complaint alleges, as breach of the bond, the wrongful and vexatious suing out of the attachment, and that the plaintiff was not indebted to the defendant in the amount sued for, either for rent or advances to make a crop. The plaintiff testified, that he rented land from the defendant

[Howard v. Jones.]

Swanner, and agreed to cultivate it, paying to the said defendant a specified proportion of the products. The court charged, in effect, that an agreement to share in the products of the land created a tenancy in common in the crops, and was inconsistent with the relation of landlord and tenant; and therefore the attachment was wrongfully sued out. This instruction was erroneous. Rent is often, if not usually, payable in a portion of the products of the land. Payment of rent may be made in anything, by agreement.

3. Whether the relation of landlord and tenant existed between these parties or not, is a fact which the jury must determine from the evidence. As their contract was verbal, the jury must find its terms. True, there is a field for the court, when there is no conflict in the evidence and the terms are positively stated, so that they need only to be construed. But, though no conflict may exist in the evidence, if the intention of the parties is doubtful, the jury must determine what agreement was made. *Cox* v. *Knight*, at the last term. The plaintiff himself stated that he *rented* land from the defendant. As the manner of the payment of the rent proven was not inconsistent with such a contract, the court virtually excluded his testimony on that point from the jury. *Neilson* v. *Slade*, at the last term; *Smyth* v. *Tankersly*, 20 Ala. 213–16.

The judgment is reversed, and the cause remanded.