JOHN G. VARNER *v.* ISAAC SPENCER, PENUEL ARNOLD and JOSEPH HOOVER.

Upon an indictment, under section 15, chapter 64, Battle's Revisal, for removing a crop by a lessee: *It was held*, that gathering the crop and putting the same in a crib on the land upon which it was made, although under the control of the lessee—no intention of depriving the lessee of his share of said crop appearing—did not come within the meaning of the statute, and was not an indictable offence.

*It was further held*, that, where such lessee, after so putting the crop in the crib, converted a portion thereof to his own use, by feeding it to his stock, without the consent of the landlord, this was a removal within the meaning of the statute, and indictable.

CIVIL ACTION, to recover damages for false imprisonment and malicious prosecution, tried before *McKay, J.*, at Fall Term, 1874, RANDOLPH Superior Court.

The false imprisonment and malicious prosecution complained of, was in a criminal action before Isaac Spencer, a Justice of the Peace of said county, instituted by the defendant Arnold, against the plaintiff, under sec. 15, chap. 64, Battle's Revisal, for the removal of a part of the crop by the renter.

The defendants counsel asked the Court to instruct the jury

that if they were satisfied that the plaintiff had gathered the corn and put it in a crib under his own control, though upon the same tract upon which it was raised, without the landlord's consent, the same was a removal within the meaning of the statute; also that if they were satisfied that the plaintiff had consumed a part of the crop, without the consent of the defendant Arnold, and had fed a part of it to his stock without the landlord's consent, this was a removal within the meaning of the statute.

There was evidence tending to show that the plaintiff had gathered and shucked the corn, and put it in a crib near the house in which he lived, upon the tract upon which it was grown, and also that he had fed a part of it to his stock, without the consent of the defendant Arnold.

The Court refused the instructions. The jury rendered a verdict against Arnold, judgment was pronounced and the defendant appealed.

*Tourgee* and *Gregory*, for the appellant.
*Scott & Caldwell* and *Shipp & Bailey*, contra.

READE, J. By section 13, of chapter 64 Bat. Rev. it is provided, that where the lessee agrees in writing to pay the lessor a part of the crop, or to give a lien on the crop for rent, the possession of the crop shall be deemed to be in the lessor. And if the lessee or other person shall gather or remove any part of the crop without the consent of the lessor, he may recover it in an action for the same. And section 14 has the same provisions where rent in money is recovered.

The object of the statute is to secure the rent to the lessor; and the more effectually to do so, it not only gives him a "lien;" but declares that the "possession" shall be deemed to be in him.

Still farther to guard the interests of the lessor and to restrain a misappropriation of the crop, the 15th section makes such misappropriation a misdemeanor. It will be noticed that

there is some difference in the language of section 13, which gives the civil remedy, and section 15, which makes it penal.

The civil remedy is against the lessee or other person who shall *gather* or remove without the consent of the lessor. The indictment is against the lessee or other person who shall *remove* any part of the crop from the land, "gather" is left out.

It is to be regretted that a statute which is to operate upon the most illiterate and dependent, and to govern labor, should not be so plain as to be easily understood by all. Nothing ought to be obscure or dubious.

What we have to determine is what is meant by "shall remove any part of the crop from such land." On one side it is insisted that to pull the corn from the stalk, or to reap the wheat or oats, is meant. On the other side it is insisted that to carry the crop away off the land is meant. And his Honor was asked to charge "that if the lessee had gathered the corn and put it in a crib under his own control, although upon the same tract of land, on which it was raised, without the landlord's consent, the same was a removal within the statute." That would, no doubt, have given the lessor his civil remedy, if the lessee had failed to give it up on demand. But would the lessee have been indictable for gathering and cribbing it unless he had failed to surrender it on demand; or unless he had appropriated it to his own use? Does the simple fact of gathering the crop for preservation in the ordinary course of husbandry come within the interdict of the statute? Such a construction would embarrass agricultural operations, and punish men of the best intentions. The gathering and preservation of crops was not the evil intended to be remedied; but the wrongful appropriation, whether by carrying them off the premises, or consuming them on the premises, was the evil.

In the case before us the gathering of the corn by the lessee and putting it in his crib was an act of doubtful import; if done simply for the purpose of preservation and not to deprive the lessor of his rights, it was not indictable; otherwise it might have been. But gathering the corn and feeding it to

his hogs was not of doubtful import; and for that he was indictable.

We think the defendant was not entitled to the first instruction asked for; but that he was entitled to the second, viz: that the gathering and consuming a part of the crop without the lessor's consent, is embraced in the statute. There is error.

PER CURIAM. *Venire de novo.*