## JOHN BELL *v*. THE STATE.

1. THEFT.— The Code of this State provides that, "if the person accused of theft be part owner of the property, the taking does not come within the definition of theft, unless the person from whom it was taken be wholly entitled to the possession at the time." *Held*, applicable to a renter or cropper on shares, whose contract with his landlord did not entitle the latter to the exclusive possession of the crop, and who, without the landlord's consent, took part of the crop before it was divided.

2. CASE STATED.— By contract between the appellant and one T., the former became a cropper on the latter's land, and each was to be entitled to one half of the crop when gathered. The crop was bound to T. for any advances made by him to the appellant. Before the crop was gathered or divided, the appellant, in the absence of T., pulled and sold a bushel of the corn. *Held*, that the taking was not theft.

APPEAL from the County Court of Gregg. Tried below before the Hon. J. F. WITHERSPOON, County Judge.

The opinion states the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. Appellant was tried and convicted under an information charging him with the theft of one bushel of corn, worth seventy cents, and his punishment was assessed at a fine of $10, together with imprisonment in the county jail for one month.

The facts of the case are that an agreement was entered into between Bell, the appellant, and one Tankersley, by which Bell was to become a renter or cropper upon land owned by Tankersley, each party to have one-half of the produce raised, when it was gathered, and the crop to be bound for advances made by Tankersley to Bell. Before the corn crop was gathered, Bell went into the field and pulled a bushel of ears, and sold it for seventy-five cents.

On the trial, defendant's counsel asked the court to

instruct the jury " that if defendant Bell was tenant on Tankersley's land, and had made a crop upon said land, and before a settlement Bell went into the field and took a bushel of corn, he is not guilty of theft; and you will so find." This instruction was refused by the court.

Our statute governing the case reads: " If the person accused of theft be part owner of the property, the taking does not come within the definition of theft, unless the person from whom it is taken be wholly entitled to the possession at the time." Pasc. Dig., art. 2389. Again, we have another statute which provides that " the taking must be wrongful, so that if the property came into the possession of the person accused of theft, by lawful means, the subsequent appropriation of it is not theft," etc. Pasc. Dig., art. 2384.

Under the facts as applied to the law quoted, it is plain that defendant's liability depends solely upon the question as to whether or not, at the time he took the corn, Tankersley was *wholly* entitled to the possession of it. If he was, then defendant was guilty of theft; if he was not, then defendant is not so guilty. The article of agreement for rent under which the parties were operating does not confer the right to such possession upon Tankersley. Nor is such possession, or the right to such possession, conferred by the act of 1874, giving a preference-lien to landlords upon crops for advances made to renters. See Rev. Stats., art. 3107.

It seems that in North Carolina they have a statute which not only gives the landlord a " lien," but declares that the " possession " shall be deemed to be in him. And in that State, where the lessee, after gathering a crop and putting it in the crib, converted a portion thereof to his own use by feeding it to his own stock without the consent of the landlord, it was held an indictable offence. *Varner* v. *Spencer et al.*, 72 N. C. 381.

In Illinois the law is, that where land is leased for a share

of the crops raised, to be divided after gathering, the title to the whole will be that of the tenant until the division and delivery. *Sargent* v. *Courier*, 66 Ill. 245. And so in Arkansas: "the mere ownership of land confers no right to the possession and disposal of the crop raised on it by tenants." *Robinson* v. *Kruse*, 29 Ark. 575.

In the absence of any statute, or of any stipulation in the contract of rent, giving the right to the possession wholly or exclusively to the landlord, we are of opinion that the landlord and tenant occupy the relation to the crop and each other, under such a contract as the one in evidence, of tenants in common, or joint owners, and the rules applicable to such relationship must govern in determining their rights. *Swauner* v. *Swauner*, 50 Ala. 66; *Wentworth* v. *Portsmouth R. Co.*, 55 N. H. 540.

With regard to such relationship, the law seems to be well settled that, "if the property was the joint property of the parties, it is clear that one of the joint owners or tenants in common could not be guilty of larceny by taking it and disposing of the whole of it to his own use; and that such taking and disposing of it would be merely the subject of a civil remedy, unless he took it out of the hands of a bailee with whom it was left for safe custody, or the like, and the effect of such taking would be to charge the bailee. (2 Waterman's Arch. Pl. 268; 1 Hale's P. C. 513; *Rex* v. *Bramley*, 1 Russ. & R. 478; *Rex* v. *Wilkerson*, 1 Russ. & R. 470; *Spivey* v. *The State*, 26 Ala. 90; *Long* v. *The State*, 27 Ala. 32.)" *Kirksey* v. *Fike*, 29 Ala. 206.

Such being the law, we are of opinion that the court erred in refusing to give the special instruction asked by defendant's counsel; and for this error the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*