## C. C. DURHAM v. P. L. SPEEKE.

*Landlord and Tenant—Crop Lien—Personal Property Exemption.*

1. Under the landlord and tenant act, Bat. Rev., ch. 64, § 13, a contract of lease for five years was entered into, and the lessor in default of payment of the rent proceeded to secure the same under the amendatory act of 1877, ch. 283 ; *Held*, that the latter act only changed the lessor's *remedy* and does not affect the substantial rights of the parties.

2. Where by an agreement in writing under the former act (as here) or in parol under the latter act, a lien is created on the crop to secure ℔ rent, the crop is deemed to vest in the possession of the lessor until payment of the rent.

3. And the right to enforce this lien cannot be defeated by the lessee's claiming the crop as a part of his personal property exemption. (Whether the claim to such exemption would prevent the lessor from retaining the crop for damages for a breach of condition in the contract—*Quære ?*)

(*Hinton* v. *Hinton*, Phil., 410, cited and approved.)

CIVIL ACTION tried at Fall Term, 1878, of CLEAVELAND Superior Court, before *Schenck, J.*

The plaintiff and defendant, on the 15th of December, 1874, entered into a written contract whereby the plaintiff leased a tract of land to defendant for five years, beginning on the first day of January next thereafter, at a rent of one-third of all the crops raised on the land to be delivered to plaintiff at Shelby, with other covenants on the part of defendant for cultivation of the land to the best advantage, and for certain work and reparations to be done on the premises.

At the end of 1877, the plaintiff, on the allegation of the non-payment of the rent for that year, and the non-performance of some of the stipulations in the lease, brought an action in a justice's court to recover the rent claimed, and

for damages by reason of the alleged breach of the stipulations ; and on affidavit of the plaintiff of removal of the crops raised from the premises, the justice of the peace issued an order for the seizure of the same.   Afterwards, on motion of defendant, the said order, under which the officer had taken the crops into his possession, was vacated and the plaintiff took an appeal to the superior court.

In the superior court the record states, it was admitted that only eleven dollars and seventy-nine cents of the judgment in the justice's court was for rent, and that the balance was for damages for non-compliance with the terms of the lease, and that defendant did not have five hundred dollars worth of personal property, inclusive of his portion of h e crops grown on the lands.   On these admissions the court held that defendant was entitled to his exemptions, and that the statute passed since the making of the contract, in so far as it authorized a seizure of the crops for the damages due plaintiff for breach of the stipulations in the lease, was unconstitutional, but was valid in respect of the rent.   And accordingly it was adjudged that the sheriff retain and apply enough of the property seized to pay the sum of eleven dollars and seventy-nine cents, admitted to be due for rent and the costs, and return the surplus to the defendant, and from this ruling the defendant alone appeals.

*Mr. W. J. Montgomery*, for plaintiff.
*Messrs. Hoke & Hoke* and *A. Burwell*, for defendant.

DILLARD, J.   The plaintiff not having appealed, no question is or can be made in this court as to the correctness of the ruling in respect of the unconstitutionality of the statutes allowing the crops to be seized for the damages assessed and included in the judgment, and therefore it is not necessary that we should consider and pass upon the opinion of His Honor adjudging the crops to that extent exempt.

DURHAM *v.* SPEEKE.

But the defendant having appealed, it is claimed on his behalf that the court erred in adjudging the crops raised to be liable to seizure for the rent due for 1877, clear of his right of personal property exemptions.

The solution of the question presented involves an inquiry into the rights of the parties under the statutes upon the subject of rents applicable at the time of the seizure under their contract.

By the act of 1868-'69 to be found in Bat. Rev., ch. 64, § 13, it is enacted that any lessee of land may agree in writing to pay the lessor a share of the crop to be grown on the land during the term, as rent; or to give him a lien on the whole crop or any part thereof as a security for the performance of any stipulation in the lease. And when the lessee so agrees it is enacted that such charge or such crop shall be deemed and held to be vested in possession of the lessor and his assigns, at all times until such lien shall be satisfied or discharged, and the remedy of claim and delivery is given the lessor to recover the possession against the lessee if any part of the crop is removed from the premises without the consent of the lessor.

The contract between these parties was made in December, 1874, for the term of five years, and the agreement to pay one-third of the crops as rent, together with other stipulations, was set forth and expressed in a writing executed at the time, and by force thereof, under said act of assembly, the crops were deemed to be in the plaintiff's possession and he had the right by action to be put in possession of such part as was removed without his consent until the rent was satisfied; and the defendant had the right to have the residue returned to him after the payment of the rent reserved. By the statute aforesaid under the contract one-third of the crop belonged to the plaintiff with a lien on all until paid, and two-thirds belonged to defendant to become clear of the lien on the payment of the rent. That part of the crop re-

quisite to pay the rent, by the law in force at the time the contract was made, was not and never could be the property of the defendant, and be subject to be claimed as an exemption against the rent.

Such being the rights of the parties respectively under said chapter sixty-four, section thirteen, in force at the date of the contract, we will now inquire what alteration, if any, was made in reference to the contract of the parties by the acts of 1876-'77, ch. 283, which was the act in force at the time the order of seizure complained of was issued.

This act had no effect to impair or injuriously alter any substantial right of the defendant in that portion of the crop which belonged to the plaintiff as rent. That much was not defendant's property and could never be, and the whole was under lien under Bat. Rev., ch. 64, § 13, until plaintiff's rent was paid as we have seen. And the rights of defendant and the liability of the crops were precisely the same in this respect under the act of 1876-'77 as under the act in Bat. Rev., ch. 64, § 13; except that rent agreed to be paid verbally was put on the same footing with a written agreement. The only alteration with the exception aforesaid effected by the last act was in the remedy. That act provided a remedy for the lessee, in case the lessor takes possession of the crops, to get back his portion of the same, and in case of controversy as to the claim of rent and the amount thereof, it provides the mode and form in which that matter may be determined, with a provision for an order of seizure of the crops during the litigation, in case neither of the parties gives bond conditioned for the forthcoming of the same at the end of the proceeding.

Whatever belongs to the remedy may be modified or altered at the pleasure of the legislature, if the obligation of the contract is not thereby impaired, nor any substantial right affected; provided a sufficient remedy is left to the parties according to the course of justice, as it existed at the

time the contract was made. Cooley Const. Lim., 287 and 288; *Hinton* v. *Hinton*, Phil., 410.

In the case before us, the additional, more efficient and speedy remedy provided by the act of 1876–'77 had no effect to alter or change the lien created by the law in force at the date of the lease, and deprived the defendant of no advantage or right. And it seems to us that the order of seizure, issued to the sheriff in the course of the remedy provided, gives the defendant no just cause of complaint, and is not obnoxious to the objection of being unconstitution in respect of any effect it had on his contract of December, 1874.

We hold, therefore, that His Honor was not in error in holding that defendant's right of exemptions did not include so much of the crops as was required to pay the rent, and in holding that the act authorizing the seizure as a part of the remedy in the enforcement of plaintiffs's lien was not unconstitutional. There is no error. Let this be certified.

No error.                                   Affirmed.   .