D. D. LIVINGSTON v. W. J. FARISH.

*Landlord and Tenant—Claim and Delivery.*

1. The landlord may bring claim and delivery to recover possession of crops raised by the tenant or cropper, where his right of possession under THE CODE, §1754, is denied, or he may resort to any other appropriate remedy to enforce his lien for the rent due and the advances made.
2. The action will lie, not only where the crops are removed from the land leased, but also in a case where the tenant or cropper, or any other person, takes the crops into his absolute possession and denies the right of the landlord thereto.
   ( *Varner* v. *Spencer,* 72 N. C., 381; *Durham* v. *Speeke,* 82 N. C., 87; *State* v. *Pender,* 83 N. C., 651; *Alsbrook* v. *Shields,* 65 N. C., 333; *Cotton* v. *Willoughby,* 83 N. C., 75; *Womble* v. *Leach, Ib.,* 84; *Belcher* v. *Grimsley,* 88 N. C., 88, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of RICHMOND Superior Court, before *MacRae, J.*

The record presents this case: In the month of January, 1881, the plaintiff leased to the defendant a farm, to cultivate and gather the crop therefrom during that year; and the defendant agreed to pay to the plaintiff by the first day of October of that year, as rent for the farm, four hundred and fifty pounds of good merchantable lint cotton. To enable the defendant to make and gather the crop, the plaintiff furnished him with supplies amounting in value to twenty-three dollars and twenty-five cents,

which sum the defendant agreed to pay when the rent should become due.

The defendant cultivated and gathered the crop, consisting of cotton, corn and fodder.

The plaintiff alleged that the defendant failed and refused to pay the rent and the sum due for supplies, and at the trial it was admitted that the same had not been paid.

The plaintiff requested the court to give the jury this charge: " That if plaintiff demanded the delivery and possession of the property before this action was brought, and the defendant refused to comply with said demand, this action would lie for the recovery of the property."

The court declined to give the jury this instruction, and the plaintiff excepted.

The court charged the jury, "that the action of *claim and delivery* would not lie, under the statute, unless some part of the crop had been removed from the premises by the defendant. As it is admitted that there was a sum due plaintiff from defendant for rent and advances, the jury must inquire from the evidence whether any part of the crop had been removed by defendant; for if no part of the crop which he had raised on that land had been removed before this action commenced, the plaintiff could not recover; and they must respond to the issue in the negative; and if any part of the crop had been removed, they must respond in the affirmative." The plaintiff excepted to this instruction to the jury.

The jury responded to the issue in the negative. The plaintiff moved for a new trial, and the court disallowed his motion, and gave judgment for the defendant. Whereupon, the plaintiff appealed.

*Messrs. J. D. Shaw* and *Burwell, Walker & Tillett,* for plaintiff.

*Mr. Frank McNeill,* for defendant.

MERRIMON, J., after stating the above. The manifest pur-

pose of the statute (The Code, §1754) is to create a first lien upon the crops produced upon the lands leased, in favor of the landlord or his assigns, to secure the payment of the rents and other charges provided for, and to give him in addition to this lien, to make it more effectual, the possession, not the absolute control and ownership of the crops, until the lien shall in all respects be discharged. The possession is coupled with the lien upon the crops with the view to prevent the lessee or his assigns from using, selling or disposing of them, or any part thereof, by removing them from the land or otherwise; to keep them intact until the rents and charges shall first be paid and the surplus pass to the lessee or his assigns. The lessor or his assignee has not the right to manage or dispose of the crops at his will and pleasure; he has the lien coupled with the possession, and the right to preserve these, and no more, until the rents and charges shall be paid. If he should undertake to pervert his right of possession, his power to preserve this and the lien; or if he should undertake ˙to abridge or imperil the right of the lessee, or his assigns, in that case, the statute provides a remedy for them. The leading purpose of the section of the statute cited is to create the lien, to make this more effectual, by giving the landlord possession of the crops, and to secure the whole. *Varner* v. *Spencer,* 72 N. C., 381; *Durham* v. *Speeke,* 82 N. C., 87; *State* v. *Pender,* 83 N. C., 651.

The last clause of the section provides the remedy in favor of the landlord, in case his right of possession shall be denied and obstructed, or a part of the crops removed from the land leased, by the tenant or his assigns or other persons. It provides as follows: "This lien shall be preferred to all other liens, and the lessor or his assigns shall be entitled against the lessee, or cropper, or the assigns of either, who shall remove the crop, or any part thereof *from the land,* without the consent of the lessor or his assigns, or against any other person who may get possession of said crop, or any part thereof, to the remedies given in an action upon a claim for the delivery of personal property."

LIVINGSTON *v.* FARISH.

By the letter of this provision, the action allowed lies only in case the lessee, cropper, or the assigns of either, "shall remove the crop or any part thereof *from the land* without the consent of the lessor," &c. If it lies only in that contingency, the purpose and spirit of the statute might be practically defeated. The lessee might easily defy the landlord, and consume the crops *on the land* leased, or sell them to another, who could do likewise.

In the case before us, the tenant has the actual possession of the crops, he has not removed them, or any part of them, *from the land leased*, and he refused to surrender them into the possession of the landlord. He may consume them, he may sell them to be consumed on the land, he may defy his landlord indefinitely. Has he no remedy in such case? Can it be reasonably supposed the statute is intended to give the remedy in case of the removal of the crops from the land, and in no other, although the same injury may happen in another way? Can it be said, that the letter of the law shall defeat and destroy its purpose? This cannot be allowed. The statute must be construed in the light of its purpose—the end to be attained and secured, the evil to be prevented, and the mischief to be remedied; and applied so as to effectuate the intention of the legislature in enacting it. We have seen what is the purpose of the statute, and the remedy prescribed by it. This must be so construed, as that the remedy prescribed or any appropriate action lies, whenever the right of the landlord to the possession of the crops produced on the land leased, is denied and obstructed; or when a part of the crops shall be appropriated, or consumed on the land or removed therefrom by the lessee or his assigns, or other person. Any other construction will not effectuate the purpose of the statute; this will, and it is not unreasonable. It does not necessarily contravene the words of the statute. While it prescribes one contingency in which an action lies, the one that probably most generally occurs, there is no provision in terms, that the like action, or some other appropriate one, does not lie in other contingencies and under other circumstances.

The landlord has a lien upon the crops and the possession thereof vests in him. He may assert his right in this respect, when involved and need be, by any appropriate action. We cannot conceive of a reason why he may not. If the crop has been gathered and remains intact, and is converted by the tenant or other person, the landlord may bring his action for the possession of the property. There is no statute that forbids this, either in terms or by reasonable implication. A proper action in such a case is that of claim and delivery of personal property. But if the property has been consumed, or the landlord chooses to recover damages for the conversion of it, he may assert his right to recover the same by any proper action. He has a lien upon the whole crop, and a special property to the extent of his lien, and is entitled to the possession. He has such a property as enables him to maintain an action. Of course, the defendant has the right to make any defence open to him, whether legal or equitable. Such actions have been repeatedly recognized and upheld by this court; indeed, the right to bring and maintain them does not seem to have been questioned heretofore. *Alsbrook* v. *Shields,* 67 N. C., 333; *Durham* v. *Speeke, supra; Cotton* v. *Willoughby,* 83 N. C., 75; *Womble* v. *Leach,* 83 N. C., 84; *Belcher* v. *Grimsley,* 88 N. C., 88; *Montague* v. *Mial,* decided at this term, *ante,* 137.

In the case before us, the tenant has actual and exclusive possession of the crops and asserts his right to hold possession and have the property. Upon demand upon him by the plaintiff, the landlord, who has the lien, and had and is now entitled to the possession of the crops, as appears from the case, the defendant, the tenant, refuses to surrender possession thereof. He thus clearly puts an end, so far as he can, to the right of the landlord, and asserts his right to have possession of, and the title as well to the crops. It is admitted that the rents and the debt due for supplies have not been paid.

The action would lie if the crops had been removed from the land; and it lies also, when the defendant took the crops into his

absolute possession and denied the right of the plaintiff, admitting that he had not paid the rent and other charges; and the judge ought to have so charged the jury. As he did not, there is error, for which the judgment must be reversed and a new trial awarded, and it is so ordered.

Error.                                        *Venire de novo.*