E. B. JORDAN v. JOHN W. BRYAN.

*Review of Facts in Supreme Court—Landlord's Lien—Rent and Advances, when Payable—Waiver of Lien—The Code, §§ 1754, 1755, 1759.*

1. The Supreme Court will not review the facts found by a referee, and adopted by the Judge below, in an action of claim and delivery.
2. Though the constructive possession of the crop is vested by statute in the landlord, yet, during the cultivation, and for all purposes of making and gathering the crop, the actual possession is in the tenant until the rent and advances become due, or a division can be had.
3. The landlord cannot bring claim and delivery for the crop before the time fixed for division, unless the tenant is about to remove or dispose of the crop, or abandon a growing crop.
4. If the tenant, at any time before satisfying the landlord's liens for rent and advances, removes the crop, or any part of it, he becomes liable civilly and criminally.
5. Defendant cultivated plaintiff's land on shares during the year 1887; the plaintiff agreed to make, and did make, advances to defendant. The time agreed on when the advances should be due and demandable was *when all the crops were gathered and divided.* There was no agreement as to *the time when the crops should be divided.* Plaintiff and defendant divided the corn and defendant

removed his share thereof. On November 26, 1887, before all the crop was gathered, the plaintiff demanded the crops then gathered, and, upon defendant's refusing to surrender them, brought claim and delivery therefor: *Held*, (1) that the action was prematurely brought, because plaintiff's right to demand his rent and pay for advances did not accrue until the crop was gathered and ready for division; (2) that by dividing the corn the plaintiff waived and lost his lien on defendant's share thereof.

CIVIL ACTION, tried before *Avery, J.*, at October Term, 1888, of the Superior Court of the county of WAYNE.

The action commenced November 26, 1887, is brought to recover cotton, cotton-seed, corn and fodder, of the aggregate value of $117.50, as alleged in the complaint, which were taken under the ancillary proceeding of claim and delivery, but returned to the defendant, he having given the requisite undertaking.

There was a reference, under *The Code*, to W. C. Monroe, Esq., whose report of finding of fact was, in substance, that the defendant John W. Bryan cultivated the land of the plaintiff E. T. Jordan for the year 1887 on shares, the plaintiff agreeing to furnish the team and agricultural implements, and to furnish Bryan with supplies, and Bryan to furnish the labor.

The defendant raised on the land during said year a crop of corn, cotton, &c. (set out in full in the report), and the plaintiff advanced to the defendant the sum of $41.47. The plaintiff and defendant divided the corn, each taking his share thereof, and the defendant removed his part from the premises of the plaintiff before the bringing of this action. The plaintiff has received no other part of said crops. All the crops, except the defendant's part of the corn, were on the premises of the plaintiff at the time of bringing this action, and a part of the crop was ungathered. The defendant, after the bringing of this action, offered to the plaintiff his part of the fodder, cotton, and cotton-seed. * * * The

time agreed on when the advances made for 1887 should be due and demandable was when all the crops were gathered and divided. There was no agreement as to the time when the crops should be divided. * * * The plaintiff, before bringing this action, demanded the crops mentioned in the complaint of the defendant.

The referee found, as conclusions of law, that conceding that the agreement created the relation of "landlord and tenant" between the plaintiff and defendant, "the rent which the defendant was to pay was due and demandable on the 1st day of January, 1888, or at least not before the whole of the crop was gathered and ready for delivery, and the advancements when all the crops were gathered and ready for division; that by the division of the corn and delivery to each of his share thereof, the plaintiff lost all lien that he may have had on the share of the defendant therein for advances and rents out of other parts of the crop; that after the division of the corn and delivery to each of his part thereof, the defendant had a right to remove his part thereof from the premises of the plaintiff without paying for advances or the rent out of other parts of the crop, or giving the plaintiff notice, or gaining his consent to said removal; that until the crops were gathered and in condition to be divided, and up to the time when the rents or advances were due and demandable, the defendant was entitled to the actual possession of the crops, and the plaintiff only to the constructive possession thereof; that at the time of bringing this action, the plaintiff had no cause of action against the defendant for the detention of the property described in the complaint; that the defendant is entitled to the possession of the property described in the complaint; that John W. Bryan recover judgment against the plaintiff E. B. Jordan and his surety, N. G. Holland, for his costs."

The plaintiff filed the following exceptions to the referee's report:

1. That so much of his finding of facts as finds, that "the time agreed on when the advances made for 1887 should be due and demandable, was when all the crops were gathered and divided" is erroneous, as there was not sufficient evidence to support such finding.

2. That the conclusion of law of the referee which finds, "that the rent which the defendant was to pay the plaintiff was due and demandable on the first day of January, 1888, or at least not before the whole of the crops were gathered and ready for division, and the advancements when all the crops were gathered and ready for division," is erroneous.

3. That the conclusions of law which find, "that by the division of the corn and delivery to each of his share thereof, the plaintiff lost all lien that he may have had on the share of the defendant therein, for advances and rents out of other parts of the crop," are erroneous.

4. That the conclusions of law which find, "that after the division of the corn and the delivery to each of his part thereof, the defendant had a right to remove his part from the premises of the plaintiff, without paying for advances or the rent out of other parts of the crops, or giving the plaintiff notice or gaining his consent to said removal," are erroneous.

5. That the conclusions of law which find, "that until the crops were gathered and in condition to be divided, and up to the time when the rents or advances were due and demandable, the defendant was entitled to the actual possession of the crops, and the plaintiff only to the constructive possession thereof," are erroneous.

6. That the conclusions of law which find, "that at the time of bringing this action, the plaintiff had no cause of action against the defendant for the detention of the property described in the complaint," are erroneous.

7. That the conclusions of law which find, "that the defendant is entitled to the possession of the property described in the complaint," are erroneous.

8. That the conclusions of law which find, "that the defendant John W. Bryan recover judgment against the plaintiff E. B. Jordan and his surety N. G. Holland, for his costs," are erroneous.

His Honor overruled the exceptions of the plaintiff, and gave judgment for the defendant, from which the plaintiff appealed.

*Messrs. W. R. Allen* and *I. F. Dortch,* for the plaintiff.
*Mr. W. H. Kitchen,* for the defendant.

DAVIS, J. (after stating the case). The first exception is to the finding of fact when there was not sufficient evidence to support it. None of the evidence is sent up with the record, and the question sought to be raised by the first exception is not before us, and if it were, it is not for us to pass upon the weight of evidence.

By § 1754 of *The Code,* all crops raised on lands rented or leased " shall be deemed and held to be vested in possession of the lessor or his assigns at all times until the rents for said lands shall be paid," &c., and the " remedies in an action upon a claim for the delivery of personal property" are given to the lessor or his assigns, "against the lessee or cropper, or the assigns of either, who shall remove the crop or any part thereof, from the lands, without the consent of the lessor," &c. Section 1755 gives a like remedy to the lessee or cropper for the recovery of such part of a crop as he in law, and according to the lease or agreement, may be entitled to," whenever the lessor or his assigns " shall get the actual possession of the crop or any part thereof, otherwise than by the mode prescribed " in section 1754.

The case before us is clearly distinguishable from *Livingston* v. *Farish,* 89 N. C., 140, cited by counsel for plaintiff, and similar cases referred to. In that case the tenant was to pay 450 pounds of cotton as rent, and the rent and sums

advanced for supplies were to be *due* on the 1st day of October, 1881. The defendant cultivated and gathered the crop, and refused to " pay the rent and sum due for supplies."

The Court below instructed the jury " that the action of *claim and delivery* would not lie under the statute, unless some part of the crop had been removed from the premises by the defendant." By the terms of the agreement, the rent and supplies were due the 1st day of October, the crop had been gathered, and the landlord was entitled to the remedy by claim and delivery, not simply by virtue of his constructive possession under the statute, but by his right to the actual possession, the rent and advances having become due, and the refusal to deliver the cotton was a denial of the landlord's *rights* to possession, and by a fair construction of the statute this Court held, that he was entitled to claim and delivery, and the ruling of the Court below was reversed.

Though the constructive possession of the crop is vested by statute in the landlord, for the very obvious purpose indicated by the statute, of protecting his lien, yet, during the cultivation, and for all purposes of making and gathering the crop, the actual possession is in the tenant, until such time as the rent and advances shall become due or a division can be had.

In *State* v. *Copeland*, 86 N. C., 694, it is said, " notwithstanding the provision of the first section (ch. 283, Acts of 1876–'77, now § 1754 of *The Code*), the whole tenor of the act contemplates the right of the lessee or cropper to hold the *actual* possession until such time as a division may be made," and this against the lessor himself. It was never contemplated that, while the crop remained on the land, with no attempt or purpose on the part of the tenant to remove or so dispose of it as to deprive the landlord of his security, he should have the remedy of claim and delivery.

The remedy was designated for his protection, and it cannot, either by the terms of the statute or by any fair con-

struction, be resorted to before the time fixed for division, unless the tenant is about to remove or dispose of the crop, or abandon a growing crop ; otherwise, the tenant migbt be sued for parcel of the crop as it was gathered. Neither the language nor the spirit of the statute will permit this.

If the tenant, at any time before satisfying the liens of the landlord, removes the crop, or any part of it, not only has the landlord the civil remedy given by the statute, but the tenant subjects himself to a criminal prosecution. *The Code*, § 1759.

Nothing of this kind is alleged by the plaintiff against the defendant in this case, and the foregoing declarations as to the law applicable to them dispose of the fifth, sixth, seventh and eighth exceptions of the plaintiff adversely to them.

We think the plaintiff's right to demand his rent and pay for advancements was when the crop was gathered and ready for division, and the second exception was properly overruled by his Honor.

The question involved in the third and fourth exceptions must also be disposed of adversely to the plaintiff—the division of corn by the plaintiff and defendant, " each taking his share thereof" to the appropriation, possession and removal of his " share thereof" by the defendant, and a recognition of his right thereto. *Curtis* v. *Cash*, 84 N. C., 41.

No error.                                        Affirmed.