MARK SMITH v. JOHN TINDALL.

*Claim and Delivery—Crops—Landlord and Tenant—Lien for Rents and Advancements—Time of Division—Possession of Crops.*

1. In claim and delivery ancillary to an action by landlord to recover of his tenant the crops on which there was a lien for rents and advancements, it appeared that the crop was not all gathered, and had been consumed. It did not appear that the defendant had removed any of it without the consent of plaintiff, nor that any time had been fixed when the rents and advances should be due.

The Court directed the jury to find that the plaintiff is not the owner and entitled to the immediate possession of the crops, and rendered judgment for the return of the property to the defendant, if it could be had, and if not, then for its value: *Held*, such instruction and judgment was *error*.

2. The crop in question was vested in the possession of the landlord until his lien for rents and advancements was discharged.

3. In the absence of agreement as to time when the lien for rents and advancements should be enforced—*i. e.*, when the crop should be divided—it should be as soon as it can reasonably be done.

4. The plaintiff was entitled to have his crop—*i. e.*, enough for rents and advancements—gathered at the time he demanded it, nor was he obliged to wait for division until the whole crop was gathered.

5. The proper course, ordinarily, between landlord and tenant, is to have the crops divided as they are gathered, subject to the convenience and the interest of the parties.

This was a CIVIL ACTION, tried at Spring Term, 1890, of GREENE Superior Court, before *Boykin, J.*

The following is a copy of the material part of the case settled on appeal:

"The plaintiff claimed to be the owner of the property in controversy, which was a crop, as landlord of the defendant, for rents due from the defendant, and for advances made by plaintiff to enable him to cultivate the land which he had rented from the plaintiff, and on which the property in controversy was raised. The defendant claimed that the plaintiff was the owner, and entitled to the possession of the same. Under proper proceedings in 'claim and delivery' the property had been delivered to the plaintiff.

"On the trial the plaintiff proved that the property was worth $211.59; that there was due from the defendant to the plaintiff, for rent and advances, a sum considerably in excess of the property in controversy. There was no evidence to show that the defendant had removed any of the crop from the premises, or had disposed of any of the crop, without plaintiff's permission, or as to when the rent

was due, or the advances. The crop was not all gathered when this action was brought, which was on the __ day of _____, prior to the 31st day of December of the year during which the land was rented and the crop raised, which is the subject of the controversy. It was in evidence that the crop had been consumed. The Court instructed the jury to answer the first issue, which was, 'Is the plaintiff the owner, and entitled to the immediate possession of the property in controversy?' No. The plaintiff excepted.

"His Honor rendered judgment for a return of the property to the defendant, if such return can be had, and if not, then for $211.59, the value thereof, together with interest and costs.

"From which judgment the plaintiff appealed to the Supreme Court, on the grounds that the Court should have instructed the jury to find that the plaintiff was the owner, but not entitled to immediate possession of the property in controversy; and that the judgment should have been rendered only for the costs, and not for the value thereof, as a return thereof could not be had."

*Mr. W. C. Munroe*, for plaintiff.
*Mr. G. M. Lindsey*, for defendant.

MERRIMON, C. J.—after stating the facts: The crop in question was vested in possession of the plaintiff as landlord, and he had a paramount lien thereon until the rents and the money due to him for advancements made by him to the defendant to make the crop, were discharged. The statute (*The Code*, § 1754) so expressly provides. So far as appears, the lease was indefinite as to the time of its termination, and no particular time was specified therein when the crop should be divided, or when the plaintiff might enforce his lien. In such case, the lease terminates when, within a reasonable time, the crop shall be gathered and

divided, and the crop should be divided, in the absence of agreement to the contrary, as soon as conveniently it may be. Indeed, unless otherwise provided by agreement, the crop should be divided from time to time, as considerable parts thereof shall be gathered, especially where the gathering of the whole is delayed for a considerable length of time. There is no reason, ordinarily, why this shall not be done, and reasons of convenience, economy, safety of the parts of the crop gathered, and security of the rights of the parties interested, strongly suggest that it should be.

In this case it does not appear that, by the terms or effect of the contract of lease, the crop was not to be divided, and the plaintiff have his part thereof, until after the whole crop should be gathered. Nor was any reason suggested on the argument, nor can we conceive of any just one, why the plaintiff was not entitled to have his share of the crop gathered at the time he demanded it. His claims were paramount, and had to be satisfied, though they took the whole crop. So the law provides. Why, then, should he delay, or be allowed to delay, the plaintiff in having what was his own?

Hence, the plaintiff was entitled, at the time he brought the action, to have so much of the gathered crop as was necessary to pay the rents due him and to pay for the advancements made by him. But the defendant denied his right in that respect, contending that his right did not accrue until the whole of the crop should be gathered, and he refused to allow the plaintiff to have any part of the crop. Thereupon the action was brought. On the trial, it appeared that the property—the part of the crop gathered—delivered to the plaintiff was less than the part thereof to which he was entitled as landlord. He got, by virtue of the ancillary proceeding of claim and delivery, only part of what he had the right to have. He ought, therefore, so far as appears, to have recovered.

This case is materially different from *Jordan* v. *Bryan*, 103 N. C., 59. In that case, the lease was for the year 1887,

and "the time agreed on when the advances made for 1887 should be due and demandable was when all the crops were gathered and divided. There was no agreement as to the time when the crops should be divided." As we have seen, in the present case, the lease was indefinite as to the time of its termination, and no time was fixed therein by its terms when the crop should be divided, or when the plaintiff might demand and have his part thereof.

The Court erred in directing the jury to render a verdict in the negative upon the issue submitted to them. The plaintiff is entitled to a new trial, and we so adjudge. It is so ordered.                                   Error.