PERRY & PATTERSON v. DUNCAN BRAGG.

*Deed—Probate—Registration—Lien, Agricultural.*

1. Where the proof of the execution of a deed, or other instrument requiring registration, has been duly made within the State, it is not necessary that the fact of probate should be registered, unless there is some special direction in the statute to that effect. (The Court, however, does not commend the practice of omitting the registration of the certificate of probate.)

2. The execution of a deed was proved before a Justice of the Peace in the county of Franklin, and the Clerk of the Superior Court of that county certified the official character of the Justice of the Peace under his official seal; the deed was thereupon registered in Granville County upon the *fiat* of the Clerk of the Superior Court of that county, but the official seal of the Clerk of Franklin Superior Court was not registered: *Held,* that the registration was valid.

3. An agricultural lien contained the stipulation that, if the debt secured was not paid from the proceeds of the crop, or otherwise, by the 15th day of October following, the mortgagee might take possession and sell; the debt was not paid, nor did the mortgagee take possession, but shortly after the date named the defendant purchased: *Held,* that the mortgagee had not waived his lien, and the defendant took subject to it.

This was a CIVIL ACTION, tried on a statement of facts agreed after an appeal from a Justice of the Peace at April Term, 1892, of the Superior Court of GRANVILLE County, *Whitaker, J.,* presiding.

The case agreed was as follows:

"That on the 21st day of February, 1888, one Ira N. Purkerson, a resident of the county of Granville, executed and delivered to the plaintiffs, residents of the county of Franklin, the agricultural lien and chattel mortgage hereto annexed marked 'Exhibit A,' on which there is now due the sum of fifty dollars with interest. That the same was probated by a Justice of the Peace of Franklin County; the probate of said Justice is certified by the Clerk of the Superior Court of Franklin County, with his official seal attached. The instrument, with the certificate, including the certificate of the Clerk of Superior Court of Granville County, was duly registered in the office of the Register of Deeds for Granville, February 27, 1888, in Book 28, page 77, but the official seal of the Clerk of Superior Court of Franklin was not recorded. The said instrument, with all certificates, is made part of this agreement.

"That sometime in November, 1888, the defendant purchased from the said Purkerson part of the crops conveyed by said instrument, of the value of forty-seven dollars. It is agreed that, if upon this statement of facts and the law arising thereunder, his Honor shall be of opinion that the plaintiffs are entitled to recover, judgment shall be entered for the plaintiffs for forty-seven dollars, with interest from the date of the summons in this action, and costs; otherwise judgment shall be entered for defendant."

The certificates attached to Exhibit A are as follows:

NORTH CAROLINA—FRANKLIN COUNTY.

The execution of the foregoing instrument was this day proven before me by the oath and examination of M. A. Alford, the subscribing witness thereto.

Witness my hand and private seal, this 22d day of February, 1888.                    F. P. PIERCE, J. P.   [SEAL.]

NORTH CAROLINA—FRANKLIN COUNTY.

I, A. W. Pearce, C. S. C., do hereby certify that F. P. Pierce is an acting Justice of the Peace for said county, and that the above is his genuine signature.

Witness my hand and official seal, this 24th day of February, 1888.                    A. W. PEARCE.   [SEAL.]
                                        *Clerk Superior Court.*

NORTH CAROLINA—GRANVILLE COUNTY.

I, R. W. Lassiter, C. S. C., do hereby certify that the foregoing instrument has been duly proven, as appears from the foregoing seals and certificates.   Let the same, with said certificates, be registered.

Witness my hand and seal, this 27th day of March, 1888.
                                        R. W. LASSITER,
                                        *Clerk Superior Court.*

Recorded in the office of the Register of Deeds of Granville County, N. C., Book No. 28, page 77, &c.
                                        W. H. PURYEAR,
                                        *Register of Deeds.*

February 27, 1888, at 2 o'clock P. M.

The defendant contended that, as Ira N. Purkerson, the maker of the deed, resided in Granville, the deed should

111—11

have been proved or acknowledged in that county under the provisions of section 1246 of *The Code,* and not in the county of Franklin, and this defect of probate is not cured by the Act of 1891, chapter 12.

This contention was overruled by his Honor, and defendant excepted.

The defendant contended that as the official seal of the Clerk of the Superior Court of Franklin County attached to his certificate to the deed was not registered with the deed in Granville County, the registration was so defective as not to be lawful notice to the defendant as a purchaser of property conveyed in said deed.

This contention was overruled by his Honor, and defendant excepted.

The defendant contended that the clause of said deed which reads as follows, to-wit, "And if, by the 15th day of October, 1888, the aforesaid indebtedness has not been discharged by the proceeds of the sale of said crops, or otherwise, then the party of the second part is authorized to take possession of said property and sell the same," &c., should be construed as conferring upon the maker of said deed the power to sell said crops for the payment of the debt thereby secured at any time before the party of the second part should take possession of the same.

This contention was overruled by his Honor, and defendant excepted.

The defendant contended that, as to the crops mentioned in said deed, the deed operated only as an agricultural lien to secure the sum of twenty dollars, thereafter to be supplied to Purkerson by the plaintiffs, and that, as defendant purchased a part of said crops only, he should not be held liable in any event for more than said sum of twenty dollars and interest thereon.

This contention was overruled by his Honor, and defendant excepted.

---

---

Judgment for plaintiffs. Defendant appeals to the Supreme
Court.

*Mr. N. Y. Gulley* (by brief), for plaintiffs.
*Mr. J. W. Hays* (by brief), for defendant.

AVERY, J.—after stating the case: The plaintiffs offered in
evidence a chattel mortgage, executed to them by one Ira N.
Purkerson, which had been proven before the Clerk of the
Superior Court of Franklin County, and to which his cer-
tificate, attested by seal, had been affixed in proper form.
The defendant excepted to the ruling of the Court that the
mortgage was competent, on the ground that in the registry
of it in Granville County the seal of the Clerk was not
recorded.

In *Freeman* v. *Hatley*, 3 Jones, 115, the Court, after dis-
tinguishing the cases where an examination is taken out of
the State, and where there is a special requirement in the
statute as to the record of such probate, say that the statute
then in force (Rev. Code, chapter 37, § 1) did "not require
the fact of probate to be registered." Judge PEARSON, for
the Court, pointed out the practice where the deed was
proven in the County Court, in the following language:
"The regular course is, when a deed is proven or acknowl-
edged in the County Court, to make an entry of the fact in
the minutes, and for the Clerk, by way of identifying the
deed, to endorse on it 'proved and ordered to be registered';
*but there is no statute which requires the register to put the en-
dorsement on his books,* and if the original be lost, we suppose
the most plenary proof would be a certified copy from the
register, and also a certificate of the Clerk of the County
Court that the deed had been proved and ordered to be reg-
istered."

The Court say further, in substance, that where the cer-
tificate and fiat were made by a Judge of the Supreme

Court, not the Superior Court, there is no secondary evidence of it if lost, but in that event the maxim *omnia presumunter rite acta* comes to the aid of the Clerk's endorsement. *The Code*, § 1245, is, in so far as it bears upon our case, in the same language as chapter 37, section 1, Rev. Code, construed by the Court in *Freeman* v. *Hatley*, while another statute (*The Code*, 112 [3] ) requires the Clerks of the Superior Courts to record in their general order books copies of all fiats made by them. This construction of the statutes finds support in other adjudications of this Court. *Love* v. *Harbin*, 87 N. C., 249; *Johnson* v. *Pendergrass*, 4 Jones, 480. We do not commend the practice of omitting the certificate and fiat when the deed is recorded by the Register of Deeds, because a full record will prove convenient and useful in case the original should be lost; but it would often prove hard measure if the statutory requirement were made more stringent, or the interpretation of the law now in force were less liberal. If it is not essential that the Clerk's certificate should be entered of record at all, it is certainly not material that a seal should have been omitted in the attempt on the part of the register to record it with the deed.

The case of *Williams* v. *Griffin*, 4 Jones, 31, cited by the defendant, was one where a deed which had been registered, but had no endorsement of a probate on it, not even that declared sufficient in *Freeman* v. *Hatley, supra* ("proved and ordered to be registered"), was held not competent as evidence, because it did not appear to have been proven. In *Todd* v. *Outlaw*, 79 N. C., 235, it appeared that an attempt had been made to prove a deed before a Justice of the Peace of Ulster County, New York, whose official character was sustained by a certificate of a Clerk of a court of record of the same county. The Judge of Probate of Bertie County had added his fiat to this proof, and the mortgage deed had been registered. The case of *DeCourcy* v. *Barr*, Busbee's Eq., 181, is one of those distinguished by PEARSON, J., in *Freeman*

v. *Hatley, supra,* because the deed was proven by a commissioner outside of the State.

The mortgage provided that " if by the 15th day of October, 1888, the aforesaid indebtedness has not been discharged by the proceeds of the sale of said crops, or otherwise, then the party of the second part is authorized to take possession of said property and sell the same, or so much thereof as will satisfy the amount then due and all costs and expenses in any way incurred by said seizure and sale. But if said indebtedness shall be paid off and discharged by the 15th day of October, 1888, then this conveyance to be null and void."

The plaintiffs advanced to Purkerson the sum of thirty dollars at the time of the execution of the deed, and subsequently, from time to time, twenty dollars in addition, which sum it is admitted is now due under the contract entered into by him by virtue of the mortgage. But the defendant contends that in fixing October 15 as the earliest time at which a seizure could be made, the parties evinced a purpose that the mortgagor should sell the crop and pay out the proceeds, and that the defendant was safe in assuming, after the failure of plaintiffs to seize before November, 1888, that the mortgagor was selling to him under the privilege given in the mortgage for the purpose of applying the proceeds to the payment of the debt.

We think the contention of defendant is utterly untenable. We know no principle upon which a mortgagee can be fairly deemed to have waived and surrendered his lien upon a crop by a failure to enforce it by seizure for thirty days after his debt becomes due and his lien enforcible; nor can we concur in the very liberal construction of the terms of the contract, which would have left the mortgagor at liberty to sell all crops maturing before October 15, 1888, and appropriate the proceeds of sale to his own use. In the absence of any agreement as to the time for enforcing a crop lien as

between landlord and tenant, it is proper that a crop should be divided as soon as it can reasonably be done after any portion of it is gathered without awaiting the gathering of he whole (*Smith* v. *Tindall,* 107 N. C., 88), though the landlord can bring claim and delivery before the time fixed for division, unless the tenant is about to remove or dispose of or abandon the crop. *Jordan* v. *Bryan,* 103 N. C., 59. By extending indulgence to a debtor until such time as some portion of his crop would in the ordinary course of husbandry be matured, the creditor cannot justly be held by implication to release his lien upon the crop conveyed to secure him. There is

.    No Error.