STATE v. R. C. TOWNSEND.

(Filed 3 November, 1915.)

**Landlord and Tenant—Criminal Law—Ungathered Crops—Indictment—Interpretation of Statutes.**

The Landlord and Tenant Act, Revisal, sec. 1993, vests the constructive possession of the crop in the landlord to protect his liens, and the actual possession in the tenant to subserve the interests of both in the cultivation and gathering of the crops, and under the construction of Revisal, sec. 3665, making it an indictable offense for the tenant to remove the crops under certain conditions, with sec. 3664, making it indictable for the landlord to unlawfully, etc., seize the crops when nothing is due him, it is *Held*, that the word "crops" includes those ungathered as well as gathered, and an indictment for that the landlord seized the "corn growing and unmatured in the field," etc., charges an indictable offense, when it is otherwise sufficient.

APPEAL by the State from *Whedbee, J.,* at July Term, 1915, of ROBESON.

The defendant, a landlord, is charged with unlawfully seizing the crop of his tenant, the material parts of the warrant alleging that he "did unlawfully, willfully, knowingly, and without process of law, and unjustly, seize the growing crops and the premises thereof, of him, the said Charlie Lowrie, his tenant, when there was nothing due him, the said R. C. Townsend, by him, the said tenant, Charlie Lowrie, said crops being corn and cotton growing and unmatured in the field at the time of such seizure, contrary to law, and against the peace and dignity of the State."

The defendant demurred to the warrant, contending that it charged no indictable offense. The demurrer was sustained, and the State appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*No counsel for defendant.*

ALLEN, J. The Landlord and Tenant Act (Rev., sec. 1993) vests the constructive possession of the crops in the landlord until his rents and liens are paid, but the actual possession is in the tenant. *Jordan v. Bryan,* 103 N. C., 59. The constructive possession is to insure the performance of the rental contract by the tenant and to enable the landlord to collect his rents and advancements, and the actual possession is given to the tenant for the benefit of both, as otherwise the crops could not be cultivated and gathered. The General Assembly having established this relation, and having fixed the rights of the parties, has undertaken to compel each to deal justly by the other.

The tenant who removes any part of the crop from the land without the consent of the landlord and without giving him five days notice,

and before satisfying all liens, is indictable (Rev., sec. 3665), as is the landlord who unlawfully and knowingly and without process of law unjustly seizes the crops when there is nothing due him (Rev., sec. 3664). In all these statutes the word "crop" is used, not "gathered" or "ungathered crop," and the same meaning must be given to it throughout. If the word does not embrace ungathered crops when imposing the prohibition upon the landlord, it can mean no more when the tenant is forbidden to remove the crop, and a statute intended to give ample protection to both has but little effect. It is comprehensive enough to include both gathered and ungathered crops, and when the purpose of the General Assembly is considered we must conclude it was so intended.

In *Dana v. Lewis,* 2 R. I., 492, it was held that "a bequest of crops included growing crops, as the word crops may mean either gathered or growing crops"; and in *Ins. Co. v. Dehaven,* 5 Atl., 65, that the language in a policy of insurance on "stock crops and farming implements" was "broad enough to cover growing crops."

We are, therefore, of opinion his Honor was in error in sustaining the demurrer to the warrant, which follows the words of the statute.

Reversed.