STATE *v.* MICHAEL SEARS and others.

In an indictment under the 12th section, chap. 64, Bat. Rev. for removing a part of the crop, &c., when there is conflicting testimony as to the notice of the lien: *It is error* for the presiding Judge to refuse to charge, that if the jury believed the defendants had no notice of the lessor's lien, they would not be guilty.

When on the trial, it was proved that the defendants had a license from the tenant, and such fact is not charged in the indictment, the judgment will be arrested.

Indictment, for removing a part of the crop, tried before *Mitchell, J.,* at Spring Term, 1874, of Iredell Superior Court, having been removed from the Superior Court of Yancy county.

The indictment contained two counts; the first charged a forcible trespass at common law by the defendants upon the land of the prosecutor; and the second was framed upon the 15th section, chap. 64, Bat. Rev., for removing a crop of corn without satisfying the prosecutor's lien as landlord, &c. On the trial the first count was *nol-pros'd,* and the defendants held to answer the second count only.

There was conflicting testimony as to the notice had by the defendants of the prosecutor's lien, which was the principal point in the case, and which is fully noticed in the opinion of Justice Reade, as are also the grounds alleged for an arrest of judgment.

---

---

The jury found the defendants guilty. Motion for a new trial denied. Defendants then moved to arrest the judgment, which was also overruled. Judgment and appeal by defendants.

*Folk & Armfield,* for the defendants.
*Attorney General Hargrove,* for the State.

Reade, J. The statute makes it indictable for a tenant who is to pay a part of the crop for rent, " to remove any part of the crop from the land without the consent of the lessor," &c.

And so it makes it indictable for any third person to move any portion of the crop:

1. "If he has knowledge of the lessor's lien."

2. If he have the "license or authority of the tenant."

The defendants being indicted as third persons for removing the crop, the first question is did they have knowledge of the lessor's lien?

There was evidence tending to show that they did know it, and there was evidence tending to show that they did not. The defendants offered to prove that one of their number, before he bought and removed the corn, enquired of the lessor whether he had any lien; and he answered that he had not, and advised the defendant to buy it of the tenant. And the defendant asked his Honor to instruct the jury that if they believed that, then they were not guilty. But his Honor declined to give the instructions. In this we think there was error.

The second question is, did the defendants have the "license and authority of the tenant" to remove the corn? Of course they did; for they bought it of him. But then, the difficulty is, that it is not charged in the bill that they had his license or authority. And so we have the *probata* without the *allegata.* And so the indictment is bad, and judgment must be arrested.

This will be certified, &c.

Per Curiam.                    Judgment arrested.