## STATE v. JOHN RINEHART.

An indictment which concludes thus: "giving to him, the said J. T., then and there, with the leaden bullet aforesaid, so as aforesaid discharged and shot out of the rifle gun aforesaid, by force of the gunpowder aforesaid, by the said J. R., in and upon the back of, and a little above the hip of him, the said J. T., one mortal *wound* of the depth of six inches and of the breadth of one inch, of which the said mortal (omitting the word "wound") he, the said J. T., then and there instantly died," is sufficient, and the judgment thereon should not be arrested under sec. 60, chap. 33, Bat. Rev.

INDICTMENT, for *Murder*, tried before WATTS, J., at Spring Term, 1876, of MADISON Superior Court.

There was a verdict of "guilty," whereupon the prisoner moved in arrest of judgment. The motion was overruled, and judgment pronounced, and the prisoner appealed.

The other facts necessary to an understanding of the case, as decided in this Court, are found in the opinion of Justice BYNUM.

*Attorney General Hargrove*, for the State.
No counsel in this Court for the prisoner.

BYNUM, J. The prisoner was tried and found guilty of murder, by the jury. His counsel, in the Court below, moved in arrest of judgment, upon the ground that the indictment

was insufficient, in that it omitted the word "wound" in a material part of it, and thus not showing how the deceased came to his death.

The indictment is in the usual form and regular in all respects, except that in the conclusion, after alleging that the prisoner discharged his gun in and upon the deceased, it proceeds thus: "giving to him, the said Joseph Turner, then and there, with the leaden bullet aforesaid, so as aforesaid, discharged and shot out of the rifle gun aforesaid, by force of the gunpowder aforesaid, by the said John Rineheart, in and upon the back of, and a little above the hip of him, the said Joseph Turner, one mortal *wound,* of the depth of six inches and the breadth of one inch, of which said mortal (omitting the word "wound") he, the said Joseph Turner, then and there instantly died."

It is clear that the omission of the word "wound" in this place is not material, inasmuch as the wound had just before been described and charged to have been a "mortal wound." It would not, therefore, have impaired the sufficiency of the indictment, if it had ended after the words "one inch," in the following manner: of which the said Joseph Turner then and there instantly died." Certainly any such irregularity is cured by the statute. Bat. Rev., chap. 33, sec. 60, "and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill, or proceeding, sufficient matter appears to enable the Court to proceed to judgment."

The charge of his Honor to the jury was correct, and the record, on examination, containing no error to the prejudice of the prisoner, the judgment must be affirmed.

There is no error. This will be certified.

PER CURIAM.                              Judgment affirmed.