ALBERT FOSTER v. THOMAS S. PENRY.

*Landlord and Tenant -- Jurisdiction.*

1. Where A rented land from B without any agreement as to the rent to
   be paid ; *Held*, that A was a tenant and entitled to the whole crop until
   a division.

2. In an action by B to recover the rent. when neither the sum de-
   manded nor the amount ascertained to be due, exceeds two hundred
   dollars ; *Held*, that the Superior Court has no jurisdiction.

CIVIL ACTION tried at Fall Term, 1876, of DAVIE Superior
Court before *Kerr, J.* The plaintiff claimed certain crops,.
as due him from the defendant, for rent of a plantation for
the year 1874. There was evidence tending to show that:
defendant rented the plantation of plaintiff and that he:
was to pay rent in kind, and that one-third of the crop was
the customary rent. The jury however upon this issue be-
ing submitted found that the defendant did not agree to.
pay one-third of the crop in kind ; and there was no evidence
that the defendant agreed to pay money rent. The jury
found as a further fact, that the value of the rent of the land
for 1874 was $177.75 ; this sum being ascertained by calcu-
lating the value of the corn, wheat, &c, raised thereon, du-
ring said year.

His Honor thereupon gave judgment in favor of the plaintiff for the value of the rent and costs of action, from which the defendant appealed.

*Mr. T. J. Wilson*, for the plaintiff.
*Messrs. Watson & Glenn*, and *J. M. McCorkle*, for the defendant.

FAIRCLOTH, J.   This action is governed by the Act of 1868–'9, ch. 156, and was brought before a division of the crop, for one-third part of the crop raised on the land of the plaintiff during the year 1874.

Upon the issues submitted, the jury find that the defendant rented land from the plaintiff and that he did not agree to pay the plaintiff one-third of the crop in kind, and it appears from the case agreed, that there was no evidence that he agreed to pay any stipulated money rent, nor does it appear that he agreed to pay any money rent at all.

In this condition of the case, the plaintiff could not recover on the idea that he had title to the whole crop, because his agreement was not in writing, as required by § 13 and it was not an agreement to pay a money rent as required by § 14 ; besides, when nothing appears except that there was a renting, as is the case here, the land for the term belongs to the tenant, and the title of the whole crop is in the defendant as tenant until division under the Act of 1868–'9. The plaintiff was, after verdict, allowed to amend his complaint, by demanding compensation for the use and occupation of his premises.

Without stopping to consider whether, under § 132 and other liberal provisions of C. C. P., the plaintiff can so amend his complaint as substantially to change an action *ex delicto* into an action *ex contractu*, we are of opinion that the plaintiff cannot recover in this action even as amended, because neither the sum demanded nor the amount ascer-

tained to be due exceeds $200, and the matter is therefore within a magistrate's jurisdiction.

Assuming that the relation of Landlord and Tenant existed between the parties, the plaintiff was entitled to partition of the crop, which would require a different kind of proceeding from the present.

The defendant will recover his costs in this Court.

There is error. Let this be certified.

