STATE v. RICHMOND PENDER.

*Indictment—Removing Crop.*

In an indictment under the act of 1876–'7, ch. 283, for removing a crop without satisfying the lessor's claims for rent, &c., it is sufficient to aver, in the words of the statute, that the act was done " wilfully and unlawfully," leaving it to the defendant to show in excuse, if he can, that such removal was made in good faith and for the preservation of the crop.

(*Harrison* v. *Ricks,* 71 N. C., 7, cited and approved.)

INDICTMENT for a Misdemeanor, in removing crop on which there was a lien, tried at Spring Term, 1880, of EDGECOMBE Superior Court, before *Gudger, J.*

The charge was substantially as follows : The jurors, etc., present that defendant agreed with one Newman to cultivate on a certain parcel of land (belonging to Newman) there situate, during the year 1878, a crop of cotton and corn and to divide said crop with Newman, the defendant to have all the cotton except two bales, and Newman to have two bales as his part ; and by said contract it was not agreed between said parties that the crop should not be deemed and held to be vested in Newman before and until his share thereof was set apart to him ; and by virtue of said contract, the defendant then and there entered upon said land, and from thenceforth until the 31st of December, 1878, raised a crop of cotton and corn thereon and had the same in his possession ; and afterwards, to-wit, on the 14th of April, 1879, and before satisfying Newman's lien on the crop, the defendant did unlawfully and wilfully remove a certain portion thereof grown on said land during the year 1878, to-wit, seven bales of cotton and five barrels of corn, from and off said land, without first having obtained the consent of Newman, and without giving Newman or his

agent five days notice of the intended removal of the same, contrary, etc.

After conviction, a motion in arrest of judgment was made and overruled, judgment pronounced, from which the defendant appealed. See act of 1876-'77, ch. 283.

*Attorney General,* for the State.
The defendant was not represented in this court.

SMITH, C. J. The defendant is charged with the removal of a portion of the crop grown on rented land, without the consent or knowledge of his lessor and before the rent in kind (attaching as a lien thereto) had been delivered, contrary to the provisions of the act of March 12th, 1877, entitled, " an act to amend the landlord and tenant act." On the trial the defendant was found guilty and from the judgment thereon appeals to this court.

No statement of the facts accompanies the appeal, and no errors are assigned in the record, while upon the certificate of counsel that in their opinion the defendant has good ground for a revision of a sentence imposing a fine of ten dollars, and upon his oath of inability, the appeal is allowed without security, and this court called on, without the aid of argument on his behalf, or our attention directed to a single defect in the record or irregularity in the proceeding, to search for some matter apparent upon the face of the proceedings on which to arrest the judgment. The increased labor and responsibility thus imposed upon a court, diminished in number with enlarged duties to meet, and unaided by argument in the investigations required to be made, are obvious, and must render the conclusions reached unsatisfactory to its members and perhaps still more so to the profession. Whether the indiscriminate right of appeal allowed the defendants in criminal prosecutions, when the punishment imposed is nominal only, or trivial, does not require

some restrictions which without impairing any just right of the accused to have his case reviewed will lesson the accumulating evil, are matters which rest in the sound discretion of the law-making power, and our duty is discharged in directing its attention to the subject.

In examining the record in the absence of any defect suggested, we are unable to discover any sufficient grounds on which the appeal can be sustained. The indictment imperfectly describes the contract between the parties, but its effect according to our understanding of its terms is to vest an estate in the defendant during the crop-season at least and to create a lien upon the crop for the portion to be delivered as rent. This, in the absence of statutory regulation, would put the title to the crop made by the labor of the defendant in him, and require from him the separation and delivery of the rent-cotton to the lessor, as is held in *Harrison* v. *Ricks*, 71 N. C., 7. But the first section of the act on which the prosecution is founded puts the title to the crop thus raised in the lessor, to be held as a security until the rent is paid, and for the removal of it meanwhile from the premises, without the required previous notice to the lessor, and his assent, prescribes the penalty mentioned in section six.

The bill alleges the removal to have been "wilfully and unlawfully" made, and negatives the conditions on which it would have been permissible. While the obvious purpose of the statute is the protection of the lessor's interest against a fraudulent disposition or appropriation of the property inconsistent with his right and tending to defeat the lien for rent, the wrongful intent is not a constituent of the criminal act described, and the offence is sufficiently charged in the substantial words of the act. The removal when made in good faith and for the preservation of the crop, when shown on the trial, would undoubtedly constitute a good defence.

These are the only exceptions to the form of the indict-
ment which occur to us, as being possibly in the mind of
the counsel who advised the appeal, unless there were others
taken before or during the trial, of which the record is
silent, and we are of opinion that they are untenable. This
will be certified to the end that the court below proceed to
pronounce judgment on the verdict.

PER CURIAM.                                          No error.