STATE v. J. R. WALKER.

*Indictment—Sufficiency of.*

An indictment must show upon its face a *substantial* defect, to ground a motion in arrest of judgment. The omission of the word "year," nor the other exceptions taken in this case, do not vitiate it.

( *State* v. *Rinehart*, 75 N. C., 58; *State* v. *Lane*, 4 Ired., 113, cited and approved.)

INDICTMENT for misdemeanor in removing crop without leave, tried at Fall Term, 1882, of TRANSYLVANIA Superior Court, before *Shepherd, J.*

The indictment upon which the defendant was tried is as follows:

The jurors for the state present that on the 24th of April in the year of our Lord one thousand eight hundred and eighty-one, at and in the county of Transylvania aforesaid, by contract between them, one W. S. Ashworth demised to J. R. Walker, late of said county, for agricultural purposes, a certain messuage and parcel of land there situate, to have and to hold the same, to the said J. R. Walker for a certain term of years, to wit, for the term of one [omitting the word "year"] then next ensuing, yielding and paying therefor to the said W. S. Ashworth the yearly rent of eighty-two bushels of corn, and in and by said contract of lease it was not agreed by and between the said parties thereto, that the crop which might be raised, grown and made on said messuage and parcel of land during said term by the said J. R. Walker, should not be deemed and held to be vested in possession in the said W. S. Ashworth, before and until the said rent was satisfied and paid to him; and by virtue of said demise, the said J. R. Walker, then and there entered into said messuage and parcel of land and was possessed thereof from thenceforth until the 24th

day of April, one thousand eight hundred and eighty-two, in the county aforesaid, and during the period of time last aforesaid, raised, grew and made on said messuage and parcel of land, a certain crop of corn and had the same in his possession. And afterwards, and before satisfying the lien of his aforesaid rent, which the said W. S. Ashworth had on said crop of corn, on the 24th day of April, in the year of our Lord one thousand eight hundred and eighty-two, at and in the county aforesaid, the said J. R. Walker did unlawfully and wilfully remove from and off and outside of said messuage and parcel of land, fifty bushels of corn then and there being found, the same then and there being part of the crop aforesaid which J. R. Walker had raised, grown and made on said messuage and parcel of land, during the aforesaid term, while the said messuage and parcel of land was in his possession as aforesaid, without having first obtained the consent of W. S. Ashworth to such removal, and without first having given the said S. W. Ashworth, or any agent of his, notice of such intended removal of said fifty bushels of corn, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state.

After the jury returned a verdict of guilty, the defendant's counsel moved in arrest of judgment upon the grounds.

1. That inasmuch as Ashworth was not the owner of the land, the bill improperly charged that the lien was in him, but it should have charged that the same was vested in Gash the owner in fee.

2. That the indictment did not sufficiently charge a lease for a year between Ashworth and the defendant, for that, the omission of the word " year " after the word " one," was a fatal defect.

3. That the bill is defective in not alleging that the defendant failed to give five days' notice of his intended removal of the crop.

The motion was overruled by the court and judgment was rendered against the defendant, for which he appealed.

*Attorney General,* for the State.
*Mr. Charles A. Moore,* for defendant.

ASHE, J. The only exceptions taken by the defendant were to the form of the indictment, and were made the grounds of his motion in arrest of judgment.

The first ground is without any foundation. A judgment is never arrested except for some substantial defect appearing upon the face of the indictment.

The name of Gash is not mentioned in the bill. There is nothing in it to show that any one by the name of Gash was the owner in fee, or had any interest whatever in the land. If there was anything in the objection, it should have been taken before the jury. The bill states with sufficient certainty that Ashworth was the landlord, and that the lien given by the statute was in him.

The second ground, that the omission of the word "year" after the word " one," is *fatally defective,* is equally untenable. The omission does not vitiate the indictment. It is one of the informalities cured by the act of 1811, Bat. Rev. ch. 33 § 60. In *State* v. *Rinehart,* 75 N. C., 58, which was an indictment for murder, the bill read, " giving, &c., to the said Joseph Turner one mortal wound of the depth of six inches, and of the breadth of one inch, of which said mortal (omitting the word, wound) he the said Joseph Turner then and there instantly died," it was held the omission of the word " wound " was cured by the act of 1811, and was no ground for the arrest of the judgment, and in *State* v. *Lane,* 4 Ired., 113, the averment was, " on the 3rd day of August, 1843," without saying " the year of our Lord," or even using the word, " year," it was held that although this defect would have been fatal at common law, it was cured by the act of 1811.

The remaining ground, that the bill does not allege that the defendant failed to give the five days' notice of his intended removal of the crop, cannot be sustained. The bill charges that the defendant removed the crop "without first having given the said Ashworth, or any agent of his, notice of any intended removal." This averment negatives the *five days' notice* required by the statute as conclusively as if it had followed the very words of the statute. If the defendant gave no notice whatever, of course he did not give *five days' notice.*

There is no error. Let this be certified to the superior court of Transylvania county that further proceedings may be had according to law.

No error.                                                       Affirmed.