## STATE v. FRANK MERRITT.

### Indictment—Removal of Crop.

An indictment for removal of crop, in violation of the act of 1876–77, ch. 283, §6, charging the defendant with removing the same "without satisfying all liens on said crop," is defective. The words of the statute, "before satisfying all liens held *by the lessor or his assigns* on said crop," should have been followed.

(*State* v. *Stanton*, 1 Ired., 424; *State* v. *Thorne*, 81 N. C., 555; *State* v. *Liles*, 78 N. C., 496, cited and approved).

INDICTMENT for a misdemeanor tried at Spring Term, 1883, of HARNETT Superior Court, before *MacRae, J.*

The defendant is charged with the violation of the act of 1876–77, ch. 283, §6, in removing crops. The jury found a verdict of guilty, and thereupon the defendant moved in arrest of judgment, upon the ground that the indictment charged that the corn and fodder alleged to have been removed was removed " without satisfying *all liens* on said crop "; whereas the statute provides, in respect to such removal, * * * and "before satisfying all liens held by the *lessor or his assigns* on said crop." The judge sustained the motion, and from the judgment rendered in favor of the defendant the solicitor for the state appealed.

*Attorney-General,* for the State.
No counsel for the defendant.

MERRIMON, J. We think the court properly arrested the judgment. An essential part of the offence intended to be charged in the indictment is the removal of the crop, or any part thereof, from the land " before satisfying all liens held by the *lessor or his assigns* on said crop; " not necessarily *all liens* that may be on it. The indictment does not contain the words of the statute, or the substance of them. The words substituted

for them are "without satisfying *all liens* on said crop." These words do not charge the offence. *Non constat*, that the lessor or his assigns had any lien at all on the crop. It does not appear upon the face of the indictment that any offence is charged. It must be alleged in the indictment, and proved on trial, that the "*lessor or his assigns*" held liens on the crop undischarged.

The jury found a general verdict of guilty. The court, seeing the indictment and the verdict, could not tell that any criminal offence had been committed ; that the crop, or any part thereof, had been removed from the land "before satisfying all liens held by the *lessor or his assigns* on said crop." It may be the jury found that liens in favor of other persons had not been satisfied, in which case no offence has been committed. The issue submitted to the jury was broad and unlimited as to liens in favor of any person, and the verdict had like compass.

The rule is, that in describing a statutory offence, the pleader should employ, as nearly as may be, the very words of the statute, or words that certainly imply in substance the same thing. It is always safer to follow the material words and phraseology of the statute. *State* v. *Stanton*, 1 Ired., 424 ; *State* v. *Thorne*, 81 N. C., 555 ; *State* v. *Liles*, 78 N. C., 496.

There is no error. Judgment affirmed. Let this be certified.

No error. Affirmed.