STATE v. W. H. ROSE.

*Indictment—Removal of Crop.*

1. An indictment for removal of crop in violation of the THE CODE, §1759, charging the defendant with removing the same " without satisfying all liens on said crop," is defective. The words of the statute, " before satisfying all the liens *held by the lessor or his assigns* on said crop," should have been followed. *Merritt's case,* 89 N. C., 506, approved.

2. The lessor himself is indictable under this statute for removing the crop or any part thereof, where he has previously conveyed his interest in the same to a third party.

(*State* v. *Merritt,* 89 N. C., 506, cited and approved).

INDICTMENT for misdemeanor tried at Fall Term, 1883, of NASH Superior Court, before *Philips, J.*

The defendant is charged with a violation of the act of 1876–'77, ch. 283, §6 (THE CODE, §1759), in removing crops. The indictment is substantially as follows:

The jurors, &c., present that one Eli Leggett rented from W. H. Rose (the defendant) certain land for agricultural purposes, and that Rose, for a valuable consideration, conveyed his interest in the crop and in the rent of the land to the Rocky Mount Mills; and that afterwards, the said Rose did unlawfully and wilfully remove from said land a part of the crop without the consent of said Mills, and without giving to the same or its

·agent five days' notice of such intended removal, and "without ·satisfying all liens on said crop," contrary, &c.

The defendant moved to quash the bill upon the following ·grounds:

1. Because the statute upon which the indictment is founded has no application to the lessor (Rose) of the crop.

2. Because the indictment does not negative the consent of the lessor to the alleged removal of the crop.

His Honor allowed the motion and the state solicitor appealed.

*Attorney-General,* for the State.
*Messrs. J. J. Davis* and *Reade, Busbee & Busbee,* for defendant.

MERRIMON, J.   The Attorney-General very properly con-·ceded that this case must be governed by that of *State* v. *Merritt,* 89 N. C., 506, which is substantially like this.   Here, there are two counts in the indictment, and in each it is charged that the ·seed-cotton was removed by the defendant "without satisfying *all liens* on said crops." The language here quoted from the indictment is not that of the act (THE CODE, §1759), nor does it embody the substance of it.

The act provides, " and before satisfying all the liens held by the lessor or his assigns on said crops." There might be *liens* on the crop other than those in favor of the "lessor or his assigns," ·and it would not be indictable to remove the crop or a part of it before these were satisfied.   The indictment does not aver that the ·" lessor or his assigns " had liens on the crop.   It may be, it is possible, he did not; it may be that other persons had; in either case, there would be no criminal offence under the statute.

The indictment ought to charge the relation between the "lessor ·or his assigns" and the lessee or the assigns of the latter, the liens on the crop, and that the defendant as lessee, or his assigns, or some other person, as the case may be, pending the relation, removed the crop or a part thereof from the land, "without the ·consent of the lessor or his assigns" (as the case may be), and

without giving him or his agent five days' notice of such intended removal, and before satisfying all the liens ·held by the "lessor or his· assigns on the crops."

The court properly quashed the indictment.   There is no error.

No error.                                              Affirmed.