### STATE v. SLADE POWELL.

*Case on Appeal—Judgment—Punishment—Removal of Crops—Notice—Indictment.*

1. It is incumbent upon the appellant in all appeals, to send up a statement of the case, in which the errors of which he complains are set forth, and in the absence of such statement, the judgment below will be affirmed, as a matter of course, unless there be some error found in the record, which it is the duty of this Court to correct.

2. An averment in an indictment for removing a crop, " without having given *any* notice of such intended removal," is equivalent to the averment that the removal was made without giving " five days' notice."

3. Only felonies where no specific punishment is prescribed, and offences that are infamous, or done in secrecy and malice, or with deceit and intent to defraud, can be punished by imprisonment in the Penitentiary.

4. The offence of removing crops, without payment, or giving notice of such removal, although it may have been committed secretly, or at night, is a simple misdemeanor, and cannot be punished by imprisonment in the Penitentiary. The Code, §§1096, 1097.

(*State* v. *Walker*, 87 N. C., 541; *State* v. *Pender*, 83 N. C., 651; *State* v. *Orrell*, Busb., 217; *State* v. *Ray*, 10 Ired., 29; *State* v. *Gallimore*, 7 Ired,, 147, cited and approved).

This was a CRIMINAL ACTION, commenced in the Inferior Court of BERTIE county, at August Term, 1885, of said Court, wherein the defendant was indicted for removing a crop, in violation of the provisions of §1759 of The Code.

The indictment is as follows, to-wit: " The jurors for the State, upon their oath present, that on the first day of January, in the year of our Lord, one thousand eight hundred and eighty-four, at and in the county of Bertie, by contract between them, one Solomon Pugh rented to Slade Powell, for agricultural purposes, a certain parcel of land there situate, to have and to hold the same, to the said Slade Powell, for and during the year 1884, yielding and paying therefor to the said Solomon Pugh, seven hundred and fifty pounds of lint cotton; and in and by said contract of lease, it was not agreed between the said parties thereto, that the crop ·which might be raised, grown and made on said parcel of land, during said term, by the said Slade Powell, should not be deemed and held to be vested in possession in the said Solomon Pugh, before and until said rent was satisfied and paid to him, and by virtue of said demise, the said Slade Powell, then and there entered into said parcel of land, and was possessed thereof, from then until January the 1st, 1885, in said county, and during the period of time last aforesaid, in the county aforesaid, raised, grew, and made on said parcel of land, a certain crop of cotton and corn, and held the same in his possession: and

afterwards, and before satisfying the lien for his aforesaid rent, which the said Solomon Pugh had on the said crop of cotton and corn, on the 1st day of December, 1884, at and in said county, the said Slade Powell, did unlawfully and wilfully, remove from and off, and outside of said parcel of land, three hundred and fifty pounds of cotton, then and there being found, the same being then and there part of the crop aforesaid, which the said Slade Powell had raised, grown and made on said parcel of land during the aforesaid term, which said parcel of land was in his possession as aforesaid, without first having obtained the consent of the said Solomon Pugh to said removal, and without having given the said Solomon Pugh, or any agent of his, notice of such intended removal of said cotton, contrary to the form of the statute," &c.

The defendant was convicted, an l from the judgment of the Inferior Court that he be imprisoned in the penitentiary for two years, he appealed to the Superior Court.

It was charged in the bill of indictment, that the rent was due to Solomon Pugh, and there was evidence to that effect. There was also evidence that the crop had been removed in the night time. In the Superior Court, there was a motion by defendant's counsel to arrest the judgment, on account of defects in the bill of indictment, which motion was sustained by the Court.

*The Attorney General, (Mr. W. L. Williams,* also filed a brief,) for the State.

*Mr. R. B. Peebles,* for the defendant.

ASHE, J. (after stating the facts). This is the only question properly presented by the record for our consideration, but we think it proper to notice in this opinion, the judgment pronounced against the defendant in the Inferior Court.

The errors assigned by the Solicitor were: 1. The granting the motion in arrest. 2. For error or errors appearing on the record: "and it is agreed by counsel, that the record shall consti-

tute the statement of the case, together with this assignment of error." This kind of practice cannot have the sanction of this Court. It is incumbent upon the appellant, in all appeals, to send up a statement of the case, in which the errors to his prejudice complained of, are set forth. It is in effect the bill of exceptions, and when there is no bill of exceptions, nor statement in nature thereof, accompanying the record sent to this Court, the judgment below is affirmed as matter of course, unless there be found some error in the record, which it is the duty of the Court to look into. *State* v. *Orrell*, Busb., 217; *State* v. *Ray*, 10 Ired., 29; *State* v. *Gallimore*, 7 Ired., 147.

Notwithstanding there is no *statement* of the case, we have looked into the record, and our opinion is, there was error committed by both the Superior and Inferior Courts. In the former by arresting the judgment, and in the latter by the sentence pronounced upon the defendant.

The indictment was well drawn, and in accordance with precedents approved by this Court—and it is now too late to inquire whether they were correct.

The indictment in this case is drawn in strict conformity to the form of the indictment in the case of *State* v. *Walker*, 87, 541, which was approved and sustained by this Court, and also with that in the case of *State* v. *Pender*, 83 N. C., 651. The only difference between that case and this is, that there the crop was charged to have been removed, without giving five days notice, and in this without giving any notice, a distinction without a difference, for if the defendant gave no notice, of course he did not give five days notice.

In our opinion, there was error in arresting the judgment, and in the judgment of the Inferior Court in sentencing the defendant to two years imprisonment in the State's prison. Neither that, nor any other Court, had the power to impose such punishment in a case like this. It is a simple misdemeanor, and no specific punishment having been prescribed by the Legislature, it is punishable as misdemeanors at common law, that is by fine or im-

prisonment in the common jail, or both. It is only felonies— The Code, §§1096 and 1097—where no specific punishment is prescribed, and offenses that are infamous, or done in secrecy and malice, or with deceit and intent to defraud, that may be punished with imprisonment in the penitentiary. But this is not one of those offenses, and because it may have been done secretly or at night, does not bring it within either class of those offenses.

There is error. Let this be certified to the Superior Court of Bertie, that the case may be remanded to the Inferior Court of that County, that that Court may proceed to judgment in conformity to this opinion, and the law of the land.

Error.                                                                       Reversed.