DAVIS, J., dissented.
The indictment charges that the defendant, "in the county of," etc., "on the first day of," etc., "did, by a certain agreement, rent from one H. C. Avera certain land there situate, for agricultural purposes, and during the term of his said renting did raise certain crops on said land; and that the said J. D. Smith afterwards, to wit, on 27 November, A.D. 1888, in said county, unlawfully and wilfully did remove from said land a part of the crop of cotton and fifty bushels of corn, without the consent of the said H. C. Avera or his assigns, and without giving him, the said H. C. Avera or his agent five days' notice of such intended removal, and without satisfying all liens held by said H. C. Avera or his assigns, on said crops, contrary," etc.
The defendant appeared and moved to quash the indictment because it "does not set forth that the said H. C. Avera or his assigns held liens on the said crops at the time of said removal." The court sustained the motion to quash, and gave judgment accordingly. The solicitor for the State appealed.
The statute (The Code, sec. 1754) provides that, "when lands shall be rented or leased by agreement, written or oral, for agricultural purposes, or shall be cultivated by a cropper, unless otherwise agreed between the parties to the lease or agreement, any and all crops raised on said lands shall be deemed and held to be vested in possession of the lessor or his assigns at all times, until the rents for said lands shall be paid, and until all the stipulations contained in the lease or agreement shall be performed, or damages in lieu thereof shall be paid to the lessor or his assigns, and until said party *Page 505 
or his assigns shall be paid for all advancements made and expenses incurred in making and raising said crop. This lien shall be preferred to all other liens," etc.
In the absence of agreement to the contrary, the purpose and effect of the above recited provision is to vest the crops raised on the leased land in possession of the lessor or landlord, and give him a lien on the same until the rents and advancements, etc., shall be paid as prescribed. It is hence, not necessary in an indictment for removing a crop, or any part of it, from the leased land, in violation of the statute (The Code, sec. 1759,) in charging that a lease was made, to charge specially, in that connection, that the lessor or landlord had a lien upon the crop. This is so because, the lease being charged, the law — the statute — implies the lien arising by virtue of the lease, the relation charged. It is not necessary to charge matter of law and what it necessarily implies, because the court must see and take notice of what the law is, and its application to the material facts charged in the indictment. When the lease is charged the lien is charged by legal implication, nothing to the contrary appearing.
So, in the present case, the indictment in charging the lease — the facts constituting the relation of landlord and tenant — charges, in legal effect, a lien upon the crop in favor of the former that the latter is bound to discharge, or deal with in some way, as allowed and (655) required by the statute applicable. This Court has repeatedly upheld indictments for removing crops from leased lands on which they were produced, in which the lien was not specifically charged in the connection above mentioned. S. v. Pender, 83 N.C. 651; S. v. Walker,87 N.C. 541; S. v. Powell, 94 N.C. 920.
What we have thus said is not at all inconsistent with what is said and decided in S. v. Merritt, 89 N.C. 506, and S. v. Rose, 90 N.C. 712. Those cases have reference to the material charge in the indictment which negatives the discharge of "all liens held by the lessor or his assigns" on the crop. The requisites of the indictment, as a whole in each of them, were not before the court to be considered, nor did it advert to the general form of it in either case. The assignment of error only extended, and the attention of the court was confined to the part of each mentioned above. The court said, properly, that it must be charged that the removal of the crop, necessary to make up an essential element of the offense, was "before satisfying all the liens held by the lessor or his assigns on said crops" — not "without satisfying all liens on said crop." When the Court said, in S. v. Rose, supra, "The indictment does not aver (charge) that the `lessor or his assigns' had liens on the crop," it meant to say, in the connection in which the words were used, that it was not charged that the `lessor or his assigns" had *Page 506 
liens on the crop undischarged — it meant that, and no more. Having in view the question under consideration, and taking all that was said in discussing it together, such meaning certainly appears.
What is said in the last paragraph of the opinion in the case last referred to, is merely suggestive of a complete form of an indictment in such cases, and it would be well if the suggestions were observed, but the Court did not say that an indictment less complete could (656) not be upheld, if it charged the essential requisites of the offense.
In the case before us the indictment is not so definite and precise in some respects as it might, perhaps ought to be, but in the respect complained of, it sufficiently charges, in connection with what the law implies, that the defendant removed the crop — a part of it — "before satisfying all the liens held by the lessor or his assigns on said crop." And taking the indictment as a whole, we think it sufficient in the respects in question.
There is error. The order quashing the indictment must be set aside, and further proceedings had in the action according to law.