## THE STATE v. J. D. SMITH.

### *Indictment—Removing Crop.*

It is not necessary to allege, in an indictment for the unlawful removal of a crop, under section 1759 of *The Code,* that the lessor or landlord had a lien on the crop, where the bill contains an averment of the lease and of the relation of landlord and tenant, or cropper. By virtue of the statute the law implies a lien, and of this the Courts will take notice. *State* v. *Rose,* 90 N. C., 712; *State* v. *Merritt,* 89 N. C., 506, distinguished.

DAVIS, J., dissented.

CRIMINAL ACTION for removing crop, tried at Fall Term, 1889, of HARNETT Superior Court, *Armfield, J.,* presiding.

The indictment charges that the defendant, "in the county of," &c., "on the first day of," &c., "did, by a certain agreement, rent from one H. C. Avera certain land there situate, for agricultural purposes, and during the term of his said renting did raise certain crops on said land; and that the said J. D. Smith afterwards, to-wit, on the 27th day of November, A. D. 1888, in said county, unlawfully and wilfully did remove from said land a part of the crop of cotton and fifty bushels of corn, without the consent of the said H. C. Avera or his assigns, and without giving him, the said H. C. Avera or his agent five days' notice of such intended removal, and without satisfying all liens held by said H. C. Avera or his assigns, on said crops, contrary," &c.

The defendant appeared and moved to quash the indictment because it "does not set forth that the said H. C. Avera or his assigns held liens on the said crops at the time of said removal." The Court sustained the motion to quash, and gave judgment accordingly. The Solicitor for the State appealed.

*The Attorney General,* for the State.
*Mr. F. P. Jones,* for the defendant.

MERRIMON, C. J.: The statute (*The Code.* § 1754) provides that, "when lands shall be rented or leased by agreement, written or oral, for agricultural purposes, or shall be culti-vated by a cropper, unless otherwise agreed between the par-ties to the lease or agreement, any and all crops raised on said lands shall be deemed and held to be vested in posses-sion of the lessor or his assigns at all times, until the rents for said lands shall be paid, and until all the stipulations con-tained in the lease or agreement shall be performed, or dam-ages in lieu thereof shall be paid to the lessor or his assigns, and until said party or his assigns shall be paid for all advancements made and expenses incurred in making and raising said crop. This lien shall be preferred to all other liens," &c.

In the absence of agreement to the contrary, the purpose and effect of the above recited provision is to vest the crops raised on the leased land in possession of the lessor or land-lord, and give him a lien on the same until the rents and advancements, &c., shall be paid as prescribed. It is, hence, not necessary in an indictment for removing a crop, or any part of it, from the leased land, in violation of the statute (*The Code,* § 1759), in charging that a lease was made, to charge specially, in that connection, that the lessor or land-lord had a lien upon the crop. This is so because, the lease being charged, the law—the statute—implies the lien aris-ing by virtue of the lease, the relation charged. It is not necessary to charge matter of law and what it necessarily implies, because the Court must see and take notice of what the law is, and its application to the material facts charged in the indictment. When the lease is charged the lien is charged by legal implication, nothing to the contrary ap-pearing.

So, in the present case, the indictment in charging the lease—the facts constituting the relation of landlord and tenant—charges, in legal effect, a lien upon the crop in

favor of the former that the latter is bound to discharge, or deal with in some way, as allowed and required by the statute applicable. This Court has repeatedly upheld indictments for removing crops from leased lands on which they were produced, in which the lien was not specifically charged in the connection above mentioned. *State* v. *Pender*, 83 N. C., 651; *State* v. *Walker*, 87 N. C., 541; *State* v. *Powell*, 94 N. C., 920.

What we have thus said is not at all inconsistent with what is said and decided in *State* v. *Merritt*, 89 N. C., 506, and *State* v. *Rose*, 90 N. C., 712. Those cases have reference to the material charge in the indictment which negatives the discharge of " all liens held by the lessor or his assigns" on the crop. The requisites of the indictment, as a whole in each of them, were not before the Court to be considered, nor did it advert to the general form of it in either case. The assignment of error only extended, and the attention of the Court was confined, to the part of each mentioned above. The Court said, properly, that it must be charged that the removal of the crop, necessary to make up an essential element of the offence, was " before satisfying all the liens held by the *lessor or his assigns* on said crops"—not " without satisfying *all liens* on said crop." When the Court said, in *State* v. *Rose, supra*, " The indictment does not aver (charge) that the 'lessor or his assigns' had liens on the crop," it meant to say, in the connection in which the words were used, that it was not charged that the " lessor or his assigns" had liens on the crop undischarged—it meant that, and no more. Having in view the question under consideration, and taking all that was said in discussing it together, such meaning certainly appears.

What is said in the last paragraph of the opinion in the case last referred to, is merely suggestive of a complete form of an indictment in such cases, and it would be well if the suggestions were observed, but the Court did not say that

an indictment less complete could not be upheld, if it charged the essential requisites of the offence.

In the case before us the indictment is not so definite and precise in some respects as it might, perhaps ought to be, but in the respect complained of, it sufficiently charges, in connection with what the law implies, that the defendant removed the crop—a part of it—"before satisfying all the liens held by the lessor or his assigns on said crop." And taking the indictment as a whole, we think it sufficient in the respects in question.

There is error. The order quashing the indictment must be set aside, and further proceedings had in the action according to law.

DAVIS, J.—dissenting: Every essential fact constituting the offence must be set forth in the indictment with plainness and reasonable certainty and by direct averment, and not inferentially, or by implication. Statutes creating offences must be construed strictly and nothing essential can be omitted; as for instance, an indictment under the statute for stealing figs, which omits to charge that they were "cultivated for food or market," is fatally defective, and will not be cured by verdict. *State* v. *Liles*, 78 N. C., 496. It is not sufficient to *prove* that they were "cultivated for food or market." It must be *averred* in the indictment. Every fact necessary to constitute the offence must be established by the prosecutor. If necessary to be proven, must it not be averred?

The indictment in the case before us simply charges that "one J. D. Smith did, by a certain agreement, rent from one H. C. Avera," &c. It does not set forth with any certainty, or, in fact, at all, what the contract or agreement was; what *rent* was to be paid, whether any money, or part of the crop, or that any rent was to be paid, or stipulations

be.performed, for which the landlord had, or could have, a lien. If it be said that the words, "*did rent,*" *ex vi termini* imply that something was to be paid or done by the lessee, ought it not to be charged, with reasonable certainty, what that something was, so that the defendant might know what the charge was, and be able to meet it if he could? He might, for instance, be. prepared to show that he had paid the rent agreed to be paid, but, on the trial, he is met with some unaverred charge that he had failed to perform some other stipulation, as to make repairs, clean out a ditch, or perform some other act, which he is wholly unprepared to meet, because he had no knowledge of the nature of the charge, though he might have done so if he had known what the charge was. It seems to me that this indictment is in utter disregard of the well established and, as I understand, absolutely necessary requirement, that offences must be charged with reasonable certainty. If there were only one possible conclusion to be drawn from the words "did rent," it might be said, in the language of Judge NASH, in *State* v. *Hathcock*, 7 Ired., 53, a "conclusion cannot make an averment." But no certain conclusion as to what the contract was can be drawn from those words. For what did Avera have a lien upon the crop? It is impossible to tell from the indictment, and how could the defendant know what would be alleged on the trial; and how could he come prepared to meet it?

 I think the essential averments in the indictment may be fairly put thus: "In January, 1889, one J. D. Smith did, by agreement, rent certain land (describing it) of one H. C. Avera (*ergo* he agreed to pay something for rent and perform some stipulation for which Avera held a lien, and it was not agreed that the crop should not be held to be vested in possession of the lessor, &c.); that the defendant made a crop on the land and removed it before satisfying

106—42

the lien and without giving notice. Upon this it is asked by the State that he be adjudged guilty," &c.

If Avera had brought a civil action, and in his complaint alleged his cause of action with no more certainty than the averments in this indictment, would he ever reach the jury? Such a complaint would be about thus: "The plaintiff alleges that in 1889 the defendant did, by agreement, rent from him certain land, &c., and thereby agreed to pay something for rent and perform some stipulation. He made a crop on said land and removed it before satisfying all liens, &c., and refuses to pay for rent and unperformed stipulations, &c. Wherefore, plaintiff demands judgment against the defendant for _____ dollars, for rent and damages."

Could he go to the jury upon such a complaint, and shall less certainty be permitted in the averments in an indictment than would be allowed in the allegation of a complaint?

If the jury were to convict upon this indictment, could the Court render any judgment without overruling many adjudged cases? *State* v. *Stamey,* 71 N. C, 202, and cases cited; *State* v. *Lanier,* 88 N. C., 658, and cases cited.

In *State* v. *Pender,* 83 N. C., 651, the agreement was set out in the indictment, and it averred that the landlord was to have two bales of cotton as his part of the crop, and negatived by averment that "by said contract it was not agreed between said parties that the crop should not be deemed and held to be vested in Newman (the landlord)," &c. The contract was set out, not by implication, but by direct averment, and the exception in the statute was negatived.

In *State* v. *Powell,* 94 N. C., 920, it was directly averred that Powell was to pay the lessor 750 pounds of lint cotton, " and in said contract of lease, it was not agreed," &c., negativing the exception in the statute. These authorities, I think, so far from sustaining the indictment before us, are in direct conflict with it.

In *State* v. *Stamey*, 71 N. C., 202, an indictment for selling spirituous liquors "during an election day," was held to be fatally defective. It did not aver that it was during a public election, and, the Court say, "it may be that no election was held." Again, it is said in the same case, "the bill does not negative the selling upon a prescription of a practicing physician," &c., which was lawful, and it was defective in this.

In *State* v. *Sears*, 71 N. C., 295, the defendant was indicted under section 15, ch. 54, of Bat. Rev., which makes it indictable for " any person, with knowledge of said lien (landlord's lien), under the license or authority of such tenant," to remove the crop without the consent of the landlord, it was held that though the defendant had knowledge of the lessor's lien, and though he had the " license and authority of the tenant to remove the crop," yet it was not charged in the bill that he had his "license and authority," and so there was "*probata* without *allegata*," and the indictment was defective.

In *State* v. *Rose*, 90 N. C, 712, it is said, "The indictment does not aver that the 'lessor or his assigns' had liens on the crop. It may be, it is possible, he did not." It was averred that the defendant removed the crop " without satisfying all liens on said crop," and the indictment was held to be defective. In *State* v. *Merritt*, 89 N. C., 506, it is said, "It must be *alleged* in the indictment and *proved* on the trial that the lessor or his assigns held liens on the crop undischarged." It was also said the Court could not tell " that the crop, or any part thereof, had been removed from the land before satisfying all liens held by the lessor or his assigns on said crop."

How can the Court in the case before us see what lien or liens Avera or his assigns held on the crop, or that they held any.

In *Foster* v. *Penry*, 76 N. C., 131 (a civil case), it was held that, under the Landlord Act of 1868–'9, where nothing

appears but that there was a simple renting, the title to the crop did not vest in the landlord, but in the tenant. As there was no agreement as to what should be paid, there was no lien.

It seems to me that if we are to adhere to the ruling in *State* v. *Stamey, State* v. *Sears, State* v. *Rose* and *State* v. *Merritt, supra,* the ruling of the Judge below ought to be sustained; and even if there were a verdict of guilty, there could be no judgment pronounced upon such an indictment.

If it was agreed that any rent was to be paid, the prosecutor knew what it was, and could have easily averred it, and a new bill could have been sent. This is the State's appeal, and the accused ought not to be put to answer upon a charge so indefinite as this, and I regret that I cannot concur in the opinion of the Court.

*Per Curiam.*                                   Error.